[No. 13580. Department One. January 27, 1917.]

EDWARD B. CRARY *et al.*, *Appellants*, v. WILLIS G. HOPKINS, *Respondent*.[1]

FRAUD—EVIDENCE—SUFFICIENCY. A charge of fraud in a real estate transaction in representing that defendant would dedicate a street, without any intention of doing so, is not sustained by the necessary clear and convincing evidence, where one witness merely testified that he tried to buy the parcel and the defendant refused to sell it, and another witness testified that the defendant stated three or four months previously that he did not then intend to dedicate.

Appeal from a judgment of the superior court for Grays Harbor county, Albertson, J., entered January 27, 1916, upon granting a nonsuit, dismissing an action for fraud, tried to the court and a jury. Affirmed.

*F. R. Conway* and *F. M. Cook*, for appellants.

*Hogan & Graham*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for fraud, alleged to have been practiced in a real estate transaction. After the issues were framed, the cause, in due time, came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof, and moved for a dismissal of the action. This motion was sustained, and a judgment of dismissal entered. From this judgment, the appeal is prosecuted.

The facts are these: On May 17, 1906, and for some time prior thereto, the respondent was the owner of two tracts of land in the city of Aberdeen, referred to in the evidence as parcel one and parcel two. Parcel one was at the end of a street of the city called Eighth avenue, and was between the end of that street and parcel two. Parcel two was without any street frontage, and the only practical way of access and egress was over parcel one. On the date mentioned, the

[1]Reported in 162 Pac. 515.

respondent sold parcel two, one-half thereof to each of two purchasers. When this sale was made, the respondent represented to the agent of the purchaser that parcel one would be opened as a street. On April 15, 1909, the appellants became the owners of all of parcel two, having on that date purchased it from the then owners. At this time, the respondent had no interest in parcel two. Before this purchase was made, it was represented to the appellants that the respondent had said that he would open a street over parcel one. Seeking to confirm this representation, inquiry was made by the appellants of the respondent, and the latter confirmed the representation which had been made that he had promised to dedicate parcel one for street purposes. On December 11, 1911, the respondent sold parcel one, and thus put it out of his power to dedicate it as a street. Before this sale was made, the respondent communicated with the appellants, and informed them that he was about to sell parcel one, and suggested that they might have a preference right to purchase if they so desired. The present action was begun on September 11, 1915. The appellants' theory of the action is that, while they knew, more than three years prior to the filing of the complaint, that the respondent would not keep his promise to dedicate, yet they did not discover, until on or about the 21st day of September, 1912, that the respondent, at the time that he made the promise to dedicate, did not then intend to perform it.

The controlling question is whether the evidence offered by the appellants shows that, when the respondent represented to them in 1909 that he would dedicate parcel one as a street, he did not then intend to make such dedication. To state it otherwise, the question is what was the state of the respondent's mind on or about May 15, 1909, when he represented to the appellants that he expected to make the dedication. The charge is fraud. It is elementary that, in order to sustain such a charge, it is necessary that it be established by evidence which is clear and convincing. If the evidence is not

such that the jury would have been justified in inferring that the respondent did not intend to keep the promise to dedicate at the time it was made, then the judgment of the trial court was right.

After a careful consideration of all the evidence in the case, we are of the opinion that the trial court properly withdrew the case from the jury. There is no evidence which would justify a finding by the jury that the fraud charged was committed. It is true that one witness testified that, for two or three years prior to 1912, he had been trying to purchase parcel one from the respondent, but this witness also testified that the respondent refused to sell it, and said "If I do offer it for sale, I will give you a chance." Another witness testified that, in June or July, 1909, he had a conversation with the respondent relative to parcel one, and that the respondent asked this witness to look at this lot and see what he thought of it. This witness also testified that the respondent, at the time, fixed a price upon parcel one, but that he did not remember what it was. This testimony would not sustain a finding that, on April 15, 1909, when the promise was made to the appellants to dedicate, the respondent did not then intend to perform his promise. The testimony of the first witness only shows that he had been trying to purchase the property and could get no satisfaction from the respondent. The testimony of the second witness, while showing that, at the time this conversation occurred, the respondent did not then intend to dedicate, does not show what his state of mind may have been three or four months previous. There is other testimony of the declarations of the respondent that he intended to make the dedication; but this line of testimony would not tend to show that his state of mind on April 15, 1909, was other than what his verbal formula indicated.

The judgment will be affirmed.

ELLIS, C. J., MORRIS, CHADWICK, and PARKER, JJ., concur.