[No. 17830. Department One. September 18, 1923.]

H. B. LEIBOLD *et al.*, *Respondents*, v. CARRIE GROSEN-
BAUGH, *Appellant.*[1]

FRAUD (22)—EVIDENCE—SUFFICIENCY. A recovery of money paid
to an attorney for expenses and services in making a trip east, on
the ground of fraudulent representations inducing the payment, can-
not be sustained, where defendant appears to have acted in the
ordinary manner and in good faith in the exercise of her best judg-
ment, and fraud was not established by evidence which was clear
and convincing.

Appeal from a judgment of the superior court for
Yakima county, Hon. W. A. Funk, judge *pro tempore,*
entered June 19, 1922, upon the verdict of a jury ren-
dered in favor of the plaintiffs, in an action for money
paid. Reversed.

*Richards, Fontaine & Gilbert* and *Parker, LaBerge
& Parker,* for appellant.

MAIN, C. J.—The plaintiffs brought this action,
claiming the recovery of money which they had pre-
viously paid the defendant, which it is alleged was in-
duced by fraudulent representations. The defendant
responded to the complaint by denials and a cross-
complaint in which she claimed a balance due for serv-
ices rendered the plaintiffs as their attorney. The
cause was tried to the court and a jury, and resulted
in a verdict in favor of the plaintiffs in the sum of
$413.06. Motion for judgment notwithstanding the
verdict and, in the alternative, for a new trial was duly
made. The court denied the motion for judgment not-
withstanding the verdict and directed that $100 be re-
mitted from the verdict, otherwise a new trial would
be granted. The plaintiffs elected not to take the new

[1]Reported in 218 Pac. 258.

trial, and a judgment was entered in their favor accordingly. The defendant appeals.

The respondents have made no appearance in this court, probably realizing, after further consideration, that the judgment was one which could not be sustained in law.

On or about July 3, 1920, the respondents consulted the appellant, who was a regularly licensed attorney practicing law in Yakima, this state, relative to a matter in the probate court in Milwaukee, Wisconsin, in which they were interested. Resident attorneys in Milwaukee were also employed. From time to time, the appellant had correspondence with the Milwaukee attorneys relative to the matter. A will was there being offered for probate, and Mrs. Leibold, one of the respondents, being one of the heirs at law of the deceased, desired to resist the probate of the will, claiming it to be invalid. Sometime during the month of August, it developed that the respondents, either upon the advice of the appellant or after consultation with her, concluded to have her make a trip to Milwaukee to personally look after the matter. As a result, the appellant left Yakima on August 24th, going earlier than she would otherwise have gone because railway rates would be advanced on the day following. She arrived in Milwaukee on September 6th or 7th, at the time she had deemed it advisable for her to be there. In the meantime she had passed through the state of Iowa and visited relatives for a few days.

There are two items involved: One a $150 item which the respondents testified was given to the appellant with direction that it be forwarded to Milwaukee attorneys as a part of their retainer fee. The appellant testified that, when this money was given to her by the respondents, she explained to them that it was the

custom of her office to send one-half of the money to associate counsel and retain the other half, and made it plain that she would do so in this case. One-half of the $150 was forwarded and the other half was retained. This question was directly submitted to the jury by an appropriate instruction. The jury having found upon this conflicting evidence in favor of the respondents, the verdict and the judgment to that extent cannot be disturbed.

As to the $300 advanced for the expenses of the trip to Milwaukee, the respondents charge that this was induced by false and fraudulent representations of the appellant, in that owing to the condition of the cause it was necessary that she leave for Milwaukee to attend the trial. There is no evidence that would justify a finding by the jury that the appellant in making the trip to Milwaukee had acted in any other manner than in good faith and in the exercise of her best judgment for the purpose of looking after the interests of her clients. It is true that she made a side trip into the state of Iowa to visit relatives, but this was at her own expense, and, as above stated, she started earlier than anticipated on account of the prospective change in railway rates. It is settled law that fraud, when it is charged, must be established by evidence which is clear and convincing. There is no evidence in the record which will sustain the finding of the jury that the appellant was guilty of fraud or misrepresentation with reference to the trip east. Immediately upon her return the respondents evidenced dissatisfaction. It is probably true that the appellant did not accomplish upon this trip what she had hoped or what her clients expected, but this does not constitute fraud. The fraud charge with reference to the trip to Milwaukee should have been withdrawn from the consideration of the jury. In her cross-complaint the appellant seeks a

balance due for services, and evidence was offered in support thereof.

The judgment will be reversed, and the cause remanded to the superior court with direction that a new trial be granted on the issues presented by the cross-complaint.

HOLCOMB, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.