[No. 18596. *En Banc.* June 27, 1925.]

GRACE HAHN, *Respondent*, v. EDNA BRICKELL *et al.*, *Appellants*.[1]

FRAUD (13)—PLEADING—ALLEGATIONS OF FRAUD. In an action for false representations, the complaint is demurrable where it does not allege reliance upon the misrepresentations.

APPEAL (389)—REVIEW—AMENDMENTS. Reversible error can not be assigned upon failing to sustain a demurrer to the complaint and an objection to any evidence, in an action for rescission, because the complaint failed to alleged reliance on the misrepresentations, where the defect was cured by a complete trial of the issues, without prejudice on account of the defect.

FRAUD (22)—MISREPRESENTATIONS — EVIDENCE — SUFFICIENCY. A direct misrepresentation as to the income and expenses of a hotel, being matters peculiarly within the knowledge of the seller, may be relied on, and, if false, are not overcome, so as to take the case from the jury, by informal entries on a page of the hotel register.

EVIDENCE (60)—FRAUD (58)—RELEVANCY—SIMILAR FACTS—FRAUD —INTENT. In an action to rescind a sale of a hotel business for

[1]Reported in 237 Pac. 305.

fraudulent representations as to the income, it is reversible error to admit evidence of similar misrepresentations made to a third person.

FRAUD (22)—EVIDENCE—SUFFICIENCY.   In order to sustain a charge of fraud the evidence must be clear and convincing, and the jury should be so instructed, rather than that the facts must be proven to a "reasonable degree of certainty" (Overruling Id., 131 Wash. 212).

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered December 12, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*E. W. Robertson*, for appellants.

*Corkery & Corkery*, for respondent.

## ON REHEARING.

MAIN, J.—The plaintiff brought this action alleging that she had rescinded a contract for the purchase of the furniture and fixtures of the Stanley Hotel in Spokane, and seeking to recover $800 which had been paid upon the purchase price. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $800. Motion for judgment notwithstanding the verdict and, in the alternative, for a new trial was made and overruled. Judgment was entered upon the verdict, and the defendant appeals.

On March 27, 1923, the respondent purchased from the appellants the furniture and fixtures above mentioned for the sum of $2,000, $800 of which was paid in cash at the time. Two days later the respondent took possession of the hotel. She claims that, at the time of the purchase, it was represented to her that the gross income from the hotel was approximately $400 per month, when in truth and in fact it was materially less than this. She also claims there was a misrepre-

sentation as to what the rooms were rented for. The complaint did not allege that the respondent relied upon the claimed fraudulent representations and a demurrer upon this ground was overruled. When the case was called for trial and the first witness was sworn, the appellant objected to the introduction of any evidence because the complaint did not state a cause of action for fraud. This objection was overruled and the trial proceeded.

That the complaint was defective in the respect mentioned cannot be denied. It is well settled that, where fraud is charged, the complaining party must allege and prove reliance upon the misrepresentations. The demurrer should have been sustained, as well as the objection to the introduction of evidence because the complaint was defective. It does not follow, however, that the judgment should be reversed for this reason. The defect in the complaint was such as could have been cured by a trial amendment without prejudice to the appellant. Upon the trial neither party was denied the right to introduce evidence because of the defect and the case was completely tried, apparently without prejudice on account of the defective complaint. In such a case it would appear that there could not be any good reason to reverse the judgment and send it back for a new trial where, after the complaint having been amended, in all probability exactly the same evidence would be introduced. In *Wright v. Seattle Grocery Co.,* 105 Wash. 383, 177 Pac. 818, it was said:

"The cause was tried as if upon a sufficient complaint, in which neither party was denied the right to introduce evidence because of the supposed defect. It would therefore be an idle ceremony to reverse the cause and send it back for a new trial because of this defect in the complaint, even though we considered the objection well taken, since to do so would be but to allow an amendment to the complaint and a retrial

upon the same evidence. Moreover, to do so would be to disregard that admonition of the statute requiring us to hear causes upon their merits, disregarding all technicalities, and to consider all amendments as made which could have been made. Rem. Code, § 1752.''

The appellant claims that her motion for judgment notwithstanding the verdict should have been sustained because the evidence was not sufficient to justify a submission to the jury. It is argued in this connection that the evidence does not show that the representations were false. The respondent testified that it had been represented to her by the appellant and her agent that the income from the hotel was $400 per month or a little more, when in fact it was only about one-half this amount. She also testified as to what the rooms were bringing, as follows:

''Q. I understood in your testimony that Mrs. Brickell told you as to what the rooms were renting for before that; as to how much per week? A. She said the highest rooms were renting for ten, and from that on down to $6 a week; and the highest were five dollars down to $2.50.''

An engaging argument is made to show that this testimony is overcome by a page of the hotel register which was introduced in evidence. This register was kept in a somewhat informal manner, and without pursuing the argument in detail it does not seem to us that the entries therein are sufficient to overcome the direct testimony of the respondent and take the case from the jury. The income and expenses of the hotel were matters peculiarly within the knowledge of the appellant, and the representations as to such matters are representations as to matters of fact, and if false and relied upon would be sufficient to sustain a verdict. In *Boehme v. Broadway Theater Co.*, 91 Wash. 104, 157 Pac. 218, it was said:

"The financial condition of the company, the volume of its business, the amount of its income and expenses, and what these had been in the past, were all matters peculiarly within the knowledge of the appellants and not easily ascertainable by respondent. We have frequently held that representations as to such matters are representations as to matters of fact, and if false and made with knowledge that they were being relied upon by the other party, constitute actionable fraud."

The contention that the respondent had ample opportunity to ascertain all the facts prior to the time that she made the purchase and took possession of the hotel, and for this reason recovery should be disallowed, cannot be sustained, as under the evidence the question was for the jury.

Upon the trial, over objection of the appellant, there was received the evidence of a third party, who testified that substantially the same representations had been made to her as those of which the respondent complained. The reception of this evidence was error and requires a reversal of the judgment. In *May v. Roberts,* 126 Wash. 645, 219 Pac. 55, it was held that representations to a third party are not admissible in such a case as the one now before us. In that case the question is discussed with great thoroughness and a reference thereto is sufficient. It was there said:

"We may sum up our conclusions as follows: Similar but independent acts or representations may not be received in evidence except to show the intent, purpose or knowledge of the person charged with the representations in the particular action, and since purpose, intent and knowledge are not involved in a case of this character, testimony concerning them would be wholly immaterial."

Lastly, it is contended that the court erred in refusing to give an instruction which embodied the rule

of law that in order to establish fraud the evidence must be clear and convincing. As against this it is argued that the instruction given was equivalent to the one requested. The requested instruction, however, contained a correct statement of the law and should have been given. Whether the one given which contained the clause that the facts must be proven to a "reasonable degree of certainty" was its equivalent, it is not necessary here to determine, as the case must be returned for a new trial for the reason above stated. The rule that, where fraud is charged, in order to sustain it the evidence must be clear and convincing, has been applied by this court when considering in fraud cases whether the evidence was sufficient to take the case to the jury. *Pederson v. Seattle Consolidated Street R. Co.,* 6 Wash. 202, 33 Pac. 351, 34 Pac. 665; *Crary v. Hopkins,* 94 Wash. 424, 162 Pac. 515; *Leibold v. Grosenbaugh,* 126 Wash. 502, 218 Pac. 258. It has also been applied when the court is trying a fraud case *de novo* after it had been tried in the superior court without a jury. *Hewett v. Dole,* 69 Wash. 163, 124 Pac. 374; *German-American Mercantile Bank v. Illinois Surety Co.,* 99 Wash. 9, 168 Pac. 772. It would seem that the same rule which is used by the court when considering whether the evidence is sufficient to take the case to the jury, and also when reviewing the findings of fact of the trial court, should be given to the jury when they are the triers of the fact. It is sufficient here to say that the requested instruction should have been given because it correctly stated the law, and it is at least doubtful whether the one given was its equivalent.

The Departmental opinion, *Hahn v. Brickell,* 131 Wash. 212, 229 Pac. 739, is not adhered to; and the

judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial.

TOLMAN, C. J., MITCHELL, PARKER, HOLCOMB, ASKREN, BRIDGES, and MACKINTOSH, JJ., concur.