[No. 19345. Department One. October 2, 1925.]

## J. S. WHEELER et al., Respondents, v. T. R. YOAKAM, Appellant.[1]

FRAUD (6, 22)—MISREPRESENTATIONS—RELIANCE UPON—EVIDENCE —SUFFICIENCY. A purchaser's investigation as to the land does not preclude a rescission for fraudulent representations as to its value, where the seller thereafter assured the purchaser that the facts as disclosed to him were not correct, and that the land was found, upon the seller's further investigation, to be as represented.

SAME (7)—RELIANCE ON REPRESENTATIONS—FIDUCIARY RELATIONS. Where old people reposed confidence in an agent, with a resulting superiority and influence on his part, there is sufficient to constitute a fiduciary relation, warranting reliance on the agent's representations.

APPEAL (129)—PRESERVATION OF GROUNDS — INSTRUCTIONS — REQUESTS. Error cannot be assigned on the insufficiency of a brief

[1]Reported in 239 Pac. 557.

correct instruction, in the absence of a request for a more amplified statement.

APPEAL (389)—REVIEW—AMENDMENTS. A technical defect in the complaint will not warrant a reversal where the cause was fully tried on the merits.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 27, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for fraud. Affirmed.

*R. J. Meakim,* for appellant.

*Elias A. Wright, Sam A. Wright,* and *John J. Jamison,* for respondents.

MAIN, J.—The plaintiffs brought this action to recover damages for fraud. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs in the sum of $850. The defendant interposed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. Both motions were overruled. Judgment was entered upon the verdict. The defendant appeals.

The appellant, for a number of years prior to the time of the transaction out of which this controversy arose, was engaged in the real estate business in Seattle. The respondents are husband and wife and elderly people, Mr. Wheeler being seventy-two years of age and his wife a few years younger. The respondents owned a real estate mortgage of the face value of $3,500. At the instigation of the appellant they were induced to sell this mortgage for $2,400 cash and take one hundred and twenty acres of land in Klickitat county as of the value of $1,000. After the matter was called to the attention of the respondents, Mr. Wheeler wrote the county auditor of Klickitat county with reference to the land and received a reply which was unfavorable. This he showed to the appellant, who said

that the land had been wrongly described and that the letter was not correct. He further stated that he would investigate, and dissuaded the respondents from making a further investigation. A few days later the appellant told the respondents that he had investigated the land and that it was just as he had represented. Upon the trial, the evidence offered by the respondents was to the effect that the land was practically worthless. There was evidence offered by the appellant which tended to show that it was of the value that he had represented. Upon the question of the value of the mortgage, the evidence was likewise in dispute.

For five or six years prior to this transaction, the appellant and the respondents had been close personal friends. The appellant had handled a number of transactions for the respondents for which he was paid. They left their papers with him and they were subject to his influence and advice. Some time after the transaction had been closed which is now in litigation, the respondents investigated the land and ascertained, as they claim, that they had been grossly defrauded. At the time of the transaction, the appellant represented to them that the land belonged to one Charles Hafer. Upon the trial it appeared that Hafer had made a deed in blank and delivered it to the appellant and had received part payment for the land. Hafer testified in effect that he had sold the land to the appellant.

The first question is whether the respondents, having undertaken to make an independent investigation, had a right to rely upon the representations of the appellant which they claimed, and which the jury found, to be fraudulent. The rule that where one undertakes an independent investigation he cannot subsequently claim misrepresentations as to the subject-matter of the transaction does not apply where, as in this case, the appellant assured the respondents that the facts

which they had found out were not correct, that the land was as he had represented and that he would make a further investigation, after which he again assured the respondents that the land was as represented. *Shores v. Hutchinson,* 69 Wash. 329, 125 Pac. 142; *Jones v. Elliott,* 111 Wash. 138, 189 Pac. 1007.

The appellant contends that there was no fiduciary relation between him and the respondents. The evidence shows that the respondents reposed confidence in the appellant and there was a resulting superiority and influence on his part. This was sufficient to constitute a fiduciary relation. *Smith v. Patterson,* 33 Ohio St. 70; *McCowen, Probst, Menaugh Co. v. Short,* 69 Ind. App. 466, 118 N. E. 538, 119 N. E. 216; *Miranovitz v. Gee,* 163 Wis. 246, 157 N. W. 790. In the case last cited it was said:

"A fiduciary relation exists when confidence is reposed on one side, and there is resulting superiority and influence on the other; and the relation and duties involved in it need not be legal, but may be moral, social, domestic, or merely personal."

The appellant also complains of an instruction given by the trial court upon the matter of agency. The instruction is brief but so far as it goes is not subject to objection. There was no request for a more amplified statement of the law, and therefore there is no error in this respect.

There is some contention that the complaint upon which the case was tried does not state a cause of action, but we do not find merit in this objection. In any event, the cause was fully tried and it would be a useless ceremony to now return the case for a new trial, even though there should be a technical defect in the complaint. *Hahn v. Brickell,* 135 Wash. 189, 237 Pac. 305.

Upon the question of the value of the land and the value of the mortgage the evidence was conflicting and the verdict of the jury is controlling.

There are a considerable number of other assignments of error, to some of which less than a half a page of discussion is devoted. We have examined all these and find in none of them merit. We think we are justified in disposing of them in the same summary manner in which they are presented.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, and MACKINTOSH, JJ., concur.