[No. 20862. Department One. December 6, 1927.]

F. M. Hooper, *Respondent*, v. Fred C. Corliss *et al.,*
*Appellants.*[1]

[1] TRIAL (126)—VERDICT—FORM—CORRECTION BY JURY. The trial
court may properly send the jury back to modify an improper
verdict, in which case the first verdict is not entitled to be filed
as a verdict, under Rem. Comp. Stat., § 361; and a motion to set
aside the second verdict is properly denied.

[2] MUNICIPAL CORPORATIONS (392)—NEGLIGENCE (43)—INSTRUC-
TIONS—PROXIMATE CAUSE. In an action for injuries received· by
a pedestrian in a city street, instructions from which it appears
that one may be guilty of negligence as a matter of law, should
be coupled with a proper limitation as to the fact that such
negligence must have been the proximate cause of the injuries
complained of. ·

[3] MUNICIPAL CORPORATIONS (383, 392)—USE OF STREETS—CON-
TRIBUTORY NEGLIGENCE—INSTRUCTIONS. Where there was an
issue as to whether plaintiff was guilty of contributory
negligence in attempting to cross a street between intersections,
·it is error to instruct that negligence is the failure to use that
degree of care which an ordinarily careful and prudent person
would use under like circumstances, and that contributory
negligence is that of the person injured which materially con-
tributed to the cause of such injury; in that it omits reference
·to the doing of an act which a reasonably prudent person would
not have done.

[4] MUNICIPAL CORPORATIONS (379, 392)—USE OF STREETS—MUTUAL
RIGHTS AS TO MEETINGS AND CROSSINGS—INSTRUCTIONS. Where
each party to a collision was claiming the right of way in a
city street, it is error to refuse to give an instruction that the
right of way given by a city ordinance is a relative right only,
and does not justify one who is entitled to the. right of way in
asserting his rights, when, by the exercise of due care, he can
see that to do so is likely to cause an injury to himself or to
another, and a reasonably· prudent person would not have done
so.

Appeal from a judgment of the superior court for
King county, Moriarty, J., entered December 16, 1926,

¹Reported in 261 Pac. 645.

upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Reversed.

*Ralph S. Pierce,* for appellants.

*Adam Beeler* and *Louis E. Hoven,* for respondent.

Tolman, J.—Respondent, as plaintiff, sued to recover damages for personal injuries alleged to have been caused by the negligent operation of a jitney bus, owned and operated by the defendant Corliss. The case was tried to a jury, which returned a verdict in favor of the plaintiff. Judgment was entered on the verdict, and the defendants have appealed.

The accident occurred at or near a street intersection; respondent claiming that he was crossing Tenth Avenue N. E., in the city of Seattle, at its intersection with East 42nd street; that he had proceeded well past the center of the street when he was struck, without any warning, by the Corliss jitney bus, which, having turned to the left to pass other traffic, was, at the time of the accident, traveling on the wrong side of the street.

Appellants' theory was that the respondent was attempting to cross the street between intersections; that he stepped out from between two automobiles parked at the curb, saw or should have seen the approaching traffic, and, notwithstanding the apparent danger, he proceeded into the street in such a manner that the driver of the jitney bus could not avoid striking him. In other words, the elements of negligence and contributory negligence were both in the case.

The jury reached its verdict in the evening, and, under the instructions of the court, it prepared a sealed verdict, and then separated. Upon the convening of court on the next day, the sealed verdict was presented by the foreman of the jury and, according to the record before us, the following occurred:

"Jury arrived at verdict at 9:35 a. m., verdict opened in open court. Jury finds for plaintiff against Fred C. Corliss for $50, and against defendant Mutual Union Insurance Co. for $1,500. Court instructs jury to retire to modify their verdict. Counsel for Mutual Union Insurance Co. objects to the modification of the verdict. Objection overruled. Jury retires to deliberate on verdict at 9:40. Jury arrived at a verdict at 10:10 a. m. Verdict opened in open court. Jury finds for plaintiff and against the defendants for $1,500.

"Counsel for Mutual Union Insurance Co. objects to filing of modified verdict. Objection overruled and verdict filed. The jury having been polled and found to be their verdict, the jury is discharged from further consideration of this cause."

Both verdicts were marked filed and each has been given a judgment number and endorsed "Entered in Execution Docket," with the volume and page. Thereafter a motion was made to set aside the second verdict, which was denied.

[1] It is entirely clear, from the minute entry which we have just quoted, that the trial court refused to receive the first verdict, and that he was following the course marked out by this court in *Bino v. Veenhuizen,* 141 Wash. 18, 250 Pac. 450. Of course, if not received by the court, the verdict was not entitled to be filed as a verdict under the statute (Rem. Comp. Stat., § 361) [P. C. § 8523]. Any attempt to file it or to enter it in the execution docket could not make it the verdict received and sanctioned by the court or anything other than what it was. There was, therefore, no error in the refusal to set aside the second verdict.

It is not contended that the evidence was insufficient to take the case to the jury.

A number of the instructions given to the jury are criticised, and to some of them we must refer.

[2] The court, in submitting the sections of the city ordinance applicable, said:

"You are instructed that the violation of positive law is of itself negligence, and in this action you are instructed that there has been introduced in evidence, certain sections of Ordinance No. 46765 of the city of Seattle, which were in force and effect at the time and place of the alleged accident, which it is claimed occurred at the time and place set forth in the pleadings. These sections are as follows: . . ."

In no part of that instruction was the jury told that such negligence must be found to be the proximate cause of the accident and the injuries before it could be considered, though in subsequent instructions proximate cause was properly defined and the jury told that the negligence, if any, of the defendants must have been the proximate cause of the injury. Any instruction from which it appears that one is or may be guilty of negligence as a matter of law is apt to carry undue weight, unless coupled with a proper limitation to the effect that such negligence must have been the proximate cause of the injuries complained of. And while, perhaps, if this were the only thing in the instructions to be criticised, we would not hold it to be reversible error because of the subsequent instructions, yet, as a new trial must be had, we think it wise to point out the advisability of limiting the instructions as indicated.

[3] In defining negligence and contributory negligence, the jury was told:

" 'Negligence' is the failure to use that degree of care which an ordinarily careful and prudent person would use under like or similar circumstances. 'Negligence' is never presumed but must be established by proof, the same as any other fact in the case.

" 'Contributory negligence' is negligence on the part of the person suffering injury or damage which materially contributed to the cause of such injury and

damage, without which such injury and damage would not have been sustained.''

This definition of negligence omits the positive feature of the doing of some act which a reasonably prudent person would not do under like circumstances, and this omission, when applied to the instruction on contributory negligence, withholds from the jury the very points which appellants relied upon, namely, that respondent, by stepping out from between parked automobiles, by attempting to cross between intersections and by heedlessly dashing into the street in the face of oncoming traffic, if the jury should so find, as to any one, performed a positive act such as a reasonably prudent person would not have done under like circumstances.

[4] Appellants requested a proper instruction to the effect that the right of way given by the city ordinance is a relative right only, and does not justify one who is entitled to the right of way in asserting his rights, when, by the exercise of due care, he can or should see that to do so is likely to cause an accident and injury to himself or another, and that one so insisting upon the exercise of his right of way, under circumstances which would cause a reasonably prudent person not to do so, is guilty of negligence or contributory negligence, as the case may be. Here, each party was claiming the right of way under his own theory of the case, and it was therefore most important that the jury should have been advised that neither had an absolute right of way, and that the relative right, which the law gives, must be exercised prudently, in the light of conditions known to the person acting, at the time. It was error not to give the requested instruction or one of similar import.

Since, by reason of errors in instructions, the judgment must be reversed and a new trial ordered, it

would be useless to now examine into and pass upon the question of the excessiveness of the verdict.

The judgment is reversed, with instructions to grant a new trial.

MACKINTOSH, C. J., MITCHELL, PARKER, and FRENCH, JJ., concur.