[No. 24549.   Department One.   December 13, 1933.]

W. J. CLARK, *Respondent*, v. FEDERAL MOTOR TRUCK
SALES CORPORATION *et al., Appellants.*[1]

*Eggerman & Rosling,* for appellants.

*Edgar S. Hadley* and *Philip Tworoger* (*Padden &
Moriarty* and *Melvin T. Swanson,* of counsel), for re-
spondent.

BEALS, C. J.—In his complaint, plaintiff alleged sub-
stantially as follows: The corporate existence of de-
fendant Federal Motor Truck Sales Corporation
(which will hereinafter be referred to as the Federal
Co.) and that defendants F. T. Parker and P. J. Older-
shaw were, respectively, its manager and sales man-
ager; that, during the month of February, 1931, the
individual defendants, being aware that plaintiff was
possessed of a considerable sum in cash, represented
to plaintiff that defendant Federal Co. had a logging
job of about one hundred million feet of timber near
Port Angeles, and that, if plaintiff would purchase
from the Federal Co. one of its motor trucks, de-
fendants would procure for him a steady job hauling
logs from the land to mill, that the work would last

[1]Reported in 27 P. (2d) 726.

for five or six years, and that plaintiff would be paid at the rate of $3.50 per thousand; that defendants agreed to repair the roads over which plaintiff would do his hauling, and represented that they had secured a contract for the hauling in the name of one C. E. Jellum covering that work; that defendants procured the execution of a contract between plaintiff and Mr. Jellum, dated March 17, 1931, a copy of which was attached to plaintiff's complaint; that defendants represented that Jellum was a man of ability and possessed sufficient means to conduct the logging operation; and that defendants stated that they stood behind the contract and would see that plaintiff was kept at work pursuant thereto.

Plaintiff further alleged that defendants stated that, if for any reason the particular contract above referred to should fail, defendants would put plaintiff and his equipment at work upon some other contract; that, relying upon defendants' promises, plaintiff entered into an agreement for the purchase of a Federal motor truck and paid on account of the purchase price $1,550, and in addition purchased a state license for the operation thereof; that plaintiff also contracted for the purchase of a trailer at the agreed price of $1,653 and purchased a license therefor in the sum of $77; that, as a down payment on the purchase of the trailer, plaintiff gave his note for three hundred dollars due in ninety days.

Plaintiff further alleged that he made certain other disbursements relying upon the representations of defendants, and that he entered upon the logging operation and worked thereon for thirty-one days, when Mr. Jellum abandoned the work, whereupon plaintiff was notified there was no more hauling for him to do; that, thereafter, plaintiff demanded of defendants that

they give him other work, which demand was not complied with.

Finally, plaintiff alleged that the representations made to him by defendants were false and untrue and were by defendants known to be false and untrue, and that the same were made with the intent of deceiving plaintiff and inducing him to purchase a Federal truck that he otherwise would not have bought; plaintiff alleging damages in the sum of $1,550 on account of his purchase of the truck; $200.60 on account of moneys paid for license fees for the truck and trailer; $306.48 paid for removing his family to the vicinity of the work and purchasing necessary furniture and tools; loss of time in the total sum of $1,190.69; loss of the position which he gave up to take the logging contract, for five months at the rate of $175 per month, representing a total of $875; $1,653.55, the balance which he owed on the trailer; and $45 paid for liability insurance; plaintiff demanding a judgment against defendants in the full sum of $5,821.32.

Defendants answered with denials and an affirmative defense praying that the action be dismissed. To the affirmative defense, plaintiff replied with a denial.

The action was tried to the court sitting with a jury, which returned a verdict in plaintiff's favor in the full sum of $5,821.32. Defendants moved for a new trial, assigning the statutory grounds, and after argument of this motion, the trial court directed that the same be granted unless plaintiff would accept an award in his favor in the sum of three thousand dollars, which reduction plaintiff accepted. The motion for a new trial was then overruled and judgment entered in plaintiff's favor against all the defendants in the sum of three thousand dollars; from which judgment defendants have appealed to this court.

Appellants assign many errors, contending that the

trial court should have sustained their challenge to the sufficiency of the evidence, should have granted their motion for a new trial, and should have entered judgment in their favor. They also complain of several of the trial court's instructions and of its refusal to instruct the jury in accordance with their requests. Several errors are also assigned upon the admission or rejection of evidence.

Careful examination of the record convinces us that the same contains evidence sufficient to carry respondent's case to the jury. In view of the fact that, because of error in the instructions, a new trial must be had, detailed discussion of the evidence would not be profitable. It may be said, however, in passing, that certain items of alleged damage were improperly submitted to the jury. It appears that the trailer which respondent purchased had been repossessed; consequently, no liability against respondent for the unpaid balance of the purchase price could have survived.

Respondent argues that the judgment for three thousand dollars is, as to amount, sustainable by including therein the amount of the note given for the trailer (a liability appellants vigorously deny) and a very shadowy claim for loss of income in the sum of $1,190. The trial court evidently felt that the verdict of the jury was too large, as respondent was given the opportunity of accepting three thousand dollars or a new trial. We are not advised as to the items which the trial court believed were improperly made the bases of the original verdict.

The trial court instructed the jury (instruction No. 4) that the burden rested on respondent "to establish, by a fair preponderance of the evidence, the material allegations of his complaint"; and by a later instruction (No. 10) told them:

"I instruct you that before the plaintiff can recover in this case, you must find, from a fair preponderance of the evidence, that the defendants made representations to the plaintiff, as alleged in plaintiff's complaint, that were untrue and were known by the defendants to be untrue and were made with the intent of the defendants to deceive the plaintiff and with the intent that he rely upon said representations, and that the plaintiff did rely upon the representations made by the defendants and was damaged thereby; and you are instructed, if you shall so find, then your verdict would be for the plaintiff."

Appellants argue that fraud, when charged as the basis for damages, must be established by evidence which is clear and convincing. *Leibold v. Grosenbaugh,* 126 Wash. 502, 218 Pac. 258; *O'Mara v. Kroetch,* 170 Wash. 440, 16 P. (2d) 818. This rule of law is well established under repeated decisions of this court, and instruction No. 10, above quoted, was clearly erroneous as applying directly to the false representations which respondent contended had been made by appellants for the purpose of deceiving him.

By instruction No. 5, the trial court told the jury that the basis of respondent's action was fraud, and then proceeded to define actionable fraud.

By instructions Nos. 6 and 9, the jury were properly told that the burden rested upon respondent to establish by clear and convincing proof that misrepresentations had been made to him by appellants. These instructions were inconsistent with instructions Nos. 4 and 10, and the confusion must be held prejudicial. *Firemen's Fund Insurance Co. v. Oregon-Wash. R. & N. Co.,* 96 Wash. 113, 164 Pac. 765; *Matteson v. Thiel,* 162 Wash. 193, 298 Pac. 333.

Instruction No. 20 given by the trial court reads as follows:

"The court instructs the jury that it is not neces-

sary for the plaintiff to prove that the defendants, or either of them, had actual knowledge of the falsity of the representation made, if you believe by the preponderance of the evidence that is clear and convincing, such representation was made and it was false, but it is sufficient that the defendants, or either of them, made the representation as of their own knowledge or in such absolute unqualified terms as to imply their personal knowledge when in truth defendants, or either of them, had no knowledge whether the representation was true or false.''

This instruction erroneously refers to ''the preponderance of the evidence that is clear and convincing.'' This phrase does not convey to the jury the rule of law that fraud when charged must be proved by the party alleging the same by clear and convincing evidence.

In view of the fact that a new trial must be had, wherein both the issues and the evidence may differ from those presented in the record before us, discussion of other matters argued by the parties to this appeal is unnecessary.

The judgment appealed from is reversed, with directions to the trial court to grant appellants' motion for a new trial.

MILLARD, MAIN, MITCHELL, and STEINERT, JJ., concur.