[No. 30671. Department One. December 23, 1948.]

GLADYS ALLEN, as *Administratrix, Respondent,* v. DEAN E. HART *et al., Appellants.*[1]

[1]Reported in 201 P. (2d) 145.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for appellants.

*Brightman & Roberts,* for respondent.

HILL, J.—Claude Eugene Allen died as the result of a collision with an automobile driven by Dean E. Hart. A suit by the administratrix of Allen's estate was commenced under the provisions of our wrongful death statute, Rem. Rev. Stat., §§ 183 and 183-1 [P.P.C. §§ 3-13, -15]. A substantial verdict was returned against Mr. Hart and his wife. From a judgment entered on that verdict, the Harts have appealed.

The respondent's theory of the case, supported by disinterested witnesses, was that Mr. Allen was crossing the

street on an unmarked crosswalk when he was struck and fatally injured. The appellants testified that Mr. Allen was not in the crosswalk when he was hit. The *locus* of the collision was the most important single fact in the case, for upon it depended the vital question of who had the right of way.

The trial court properly instructed that if Mr. Allen was on the crosswalk he had the right of way, but refused to give an instruction to the effect that if he was crossing the street at other than the crosswalk, it was his obligation to yield the right of way to all vehicles on the roadway. This denied the appellants the right to have their theory of the case presented to the jury and was prejudicial error.

■ ■ The respondent's only attempted justification of the court's failure to instruct upon the appellants' theory of the case was that (a) Mr. Allen having died without regaining consciousness following his injury, there was a presumption that he exercised due care for his own safety; (b) all the disinterested testimony was that he was in the crosswalk when he was hit; and (c) the interested testimony of the appellants that Mr. Allen was not in the crosswalk was not sufficient to remove the presumption of due care.—Which is patently fallacious. There is no presumption of due care in this case, numerous witnesses, interested and disinterested, having testified as to how and where the collision occurred.

"*Presumptions are indulged in only to supply facts,* and do not arise where the facts are known.

"*Presumptions must be based on some necessity,* and the court will not go into the domain of presumptions where direct proof can be obtained." 31 C.J.S. 723, Evidence, § 114.

As pointed out in *Morris v. Chicago, M., St. P. & Pac. R. Co.,* 1 Wn. (2d) 587, 97 P. (2d) 119, 100 P. (2d) 19, the presumption of due care is based primarily upon the fact that there is no evidence to show what the deceased did or did not do immediately preceding an accident, and, when disinterested witnesses testify as to the actions of the deceased up to the time of the accident, the reason for the presump-

tion ceases to exist, and it entirely disappears. See, also, *Sweazey v. Valley Transport, Inc.*, 6 Wn. (2d) 324, 107 P. (2d) 567, 111 P. (2d) 1010, 140 A.L.R. 1.

■ In the present case, there was a clear-cut issue of fact. The jury might well have believed respondent's disinterested witnesses and disbelieved the appellants, but the latter had the right to have their theory of the case presented under proper instructions. The rule is well stated in 2 Bancroft's Code Practice and Remedies 1969, § 1497:

"Where the parties proceed upon different theories the court should, if requested, give instructions applicable to both theories, even though such theories are wholly inconsistent. The right to have one's theory presented is not affected by the fact that there is countervailing testimony, by the fact that the judge might deem the evidence inadequate to support such a view of the case were he the trier of the facts, or by the fact that the law is, in a general way, covered by the instructions given."

See *Lubliner v. Ruge*, 21 Wn. (2d) 881, 153 P. (2d) 694.

We have discussed first that error from which it is evident that this case must be sent back for a new trial; and we will now discuss two other errors which might not, in themselves, have been sufficiently prejudicial to warrant a new trial but which should be avoided if the case is tried again:

■ (1) The wife of the decedent was permitted to testify how much time she lost from her employment and what her rate of compensation was. Manifestly, this was error. Respondent tacitly admits the error but says it was not prejudicial because, if the jury followed the court's instruction on damages, it could not have considered any loss of compensation by the widow.

■ (2) The trial court, in instruction No. 1, set forth the allegations of the complaint, including the allegations of negligence, one of which was "Failing to have defendants' [appellants'] car equipped with proper brakes. . ." In no other instruction was the jury's attention directed to the acts of negligence relied upon by the respondent. By instruction No. 3, the jury was told that the respondent must

prove, by a preponderance of the evidence, that the appellants were negligent in one or more of the particulars charged in the complaint. There was no evidence to justify submitting that particular ground of negligence to the jury, and the appellants' motion to withdraw it from consideration should have been granted. *Burge v. Anderson*, 164 Wash. 509, 3 P. (2d) 131; *Newton v. Pacific Highway Transport Co.*, 18 Wn. (2d) 507, 139 P. (2d) 725.

Other assignments of error, being without merit, will not be discussed, except the appellants' contention that the instruction regarding decedent's right of way as a pedestrian on a crosswalk should have indicated that it

" . . . is not an absolute right of way, but is a relative one, and notwithstanding such right of way the duty of exercising reasonable care to avoid an accident rests upon both parties."

Examination of the requested instructions presented by the appellants with reference to their right of way if the collision occurred outside the crosswalk fails to disclose any reference to the fact that their right of way was also a relative one, appellants' theory apparently being that only an adversary's right of way is relative.

There are few rights of way known to the law that are as nearly absolute as that given a pedestrian on a crosswalk at an intersection where there are no traffic signals in place or in operation under the statute (Rem. Rev. Stat., Vol. 7A, § 6360-99 [P.P.C. § 295-49]) and the city ordinance here applicable, both of which require the operator of a vehicle to yield the right of way to such pedestrians, " . . . slowing down or stopping, if need be to so yield . . . ."

The appellants rely on *Hooper v. Corliss*, 146 Wash. 50, 261 Pac. 645, and *Lund v. Western Union Telegraph Co.*, 192 Wash. 579, 74 P. (2d) 220. It is true, as stated in those cases, that the right of way given by a statute or ordinance is not absolute but is a relative right only. The appellants, however, did not request an instruction similar to that approved in *Hooper v. Corliss*, *supra*. The court there said:

"Appellants requested a proper instruction to the effect that the right of way given by the city ordinance is a relative right only, and does not justify one who is entitled to the right of way in asserting his rights, when, by the exercise of due care, he can or should see that to do so is likely to cause an accident and injury to himself or another, and that one so insisting upon the exercise of his right of way, under circumstances which would cause a reasonably prudent person not to do so, is guilty of negligence or contributory negligence, as the case may be. Here, each party was claiming the right of way under his own theory of the case, and it was therefore most important that the jury should have been advised that neither had an absolute right of way, and that the relative right, which the law gives, must be exercised prudently, in the light of conditions known to the person acting, at the time. It was error not to give the requested instruction or one of similar import."

It is therein made clear what is meant by "relative." An instruction utilizing that language would have been fair to both parties, proper and desirable; however, the instructions requested failed to clarify what was meant by "relative," were applicable to only one of the litigants, and placed an equal duty on both parties, even if the pedestrian was on a crosswalk. Although we agree with the trial court that the proposed instruction was erroneous and was properly refused, we have discussed this assignment of error at some length because it directs attention to a phase of this case on which the jury should be properly instructed if and when it is tried again.

The judgment is reversed and the cause remanded, with instructions to grant appellants' motion for a new trial.

MALLERY, C. J., BEALS, STEINERT, and SIMPSON, JJ., concur.