[No. 31797.   Department Two.   February 14, 1952.]

ADJUSTMENT DEPARTMENT, OLYMPIA CREDIT BUREAU, INC., *Appellant*, v. ALMA SMEDEGARD, *Respondent*.[1]

*Parr & Baker*, for appellant.

*O'Leary, Meyer & O'Leary*, for respondent.

HILL, J.—The claims of error in giving and refusing to give instructions as they relate to the defense of fraud in an action upon a promissory note present the important questions before the court on this appeal.

The note was for $976.50, with interest at six per cent, payable on demand, upon which $200 had been paid. The note was payable to an undertaker and was for the expenses in connection with the funeral and burial of the respondent's late husband. As a defense she alleged fraud, in that she was induced to select a $765 casket on the representation that it was the cheapest suitable casket; that she never knew that she was signing a promissory note, and, if she did

[1]Reported in 241 P. (2d) 203.

sign a promissory note, her signature was obtained by fraudulent misrepresentations.

The jury's verdict for the respondent established that it must have reached the conclusion that the defense of fraud had been established. The trial court entered a judgment of dismissal based upon the verdict of the jury.

Appellant complains that, while the trial court, by its instruction No. 8, correctly informed the jury that fraud is never presumed but must be proved by clear, cogent and convincing evidence, it also informed the jury, by three instructions, that the respondent need only prove her case by a fair preponderance of the evidence. The instructions complained of were Nos. 3, 7 and 10, and we will briefly consider each of them.

By instruction No. 3, the jury was told that the burden was on the respondent to prove by a fair preponderance of the evidence the material allegations of her affirmative defense. Inasmuch as the basis of the affirmative defense was fraud, instruction No. 3 was erroneous in advising the jury that a fair preponderance of the evidence was sufficient to sustain that burden.

By instruction No. 7, the jury was told that, if it should find by a preponderance of the evidence that the respondent had signed the promissory note but did not know that it was a promissory note and did not execute the note believing it to be a promissory note, but signed it believing it to be merely an order for funeral arrangements for her husband, and that her lack of knowledge of the contents of the document signed by her was not the result of her negligence, its verdict must be for the respondent. That instruction, likewise, was erroneous in advising the jury that a preponderance of the evidence was sufficient to sustain a verdict for the respondent.

By instruction No. 10, the jury was told that if it found from a preponderance of the evidence that the undertaker had represented to the respondent that the cheapest suitable casket was $765 and that such representation was false, and that the undertaker knew it was false and intended that it

should be acted upon by the respondent, and that respondent was ignorant of the falsity thereof and relied upon said representation and had a right to rely thereon, and, as a result of that representation, signed the note, the undertaker thereby committed a fraud upon the respondent and the verdict must be for her. There can be no doubt that instruction No. 10 also was erroneous, because it discussed the elements of fraud as they applied to the case at bar and told the jury that if those elements were established by a preponderance of the evidence, fraud was established and respondent was entitled to prevail.

■ The statement of the correct rule, *i.e.*, that fraud must be proved by clear, cogent and convincing evidence, given in a general instruction, cannot cure the error of applying the test of a preponderance of the evidence to the establishment of fraud under the facts of the particular case. The case of *Clark v. Federal Motor Truck Sales Corp.*, 175 Wash. 438, 27 P. (2d) 726, is directly in point, and we adhere to it.

Appellant also excepts to instruction No. 7 for another reason, in which we find no merit.

■ Appellant also contends that a requested instruction setting forth its theory of the case as it relates to the affirmative defense of fraud should have been given. We agree that appellant was entitled to have its theory of the case presented to the jury by proper instructions (*Petersen v. Graham,* 7 Wn. (2d) 464, 110 P. (2d) 149; *Grapp v. Peterson,* 25 Wn. (2d) 44, 168 P. (2d) 400; *Allen v. Hart,* 32 Wn. (2d) 173, 201 P. (2d) 145) and that no instruction was given which adequately covered it. We feel, however, that we would not care to give our approval to the instruction requested by the appellant, as it nowhere takes into account the fact that a bereaved wife, when inspecting caskets in an undertaking establishment, is peculiarly subject to emotional pressure that makes "overselling" easy.

■ Another assignment of error is the failure to give appellant's requested instruction relative to the amount of appellant's recovery in the event the verdict was for the

appellant. That in itself was not sufficiently prejudicial to warrant a new trial; however, we feel that it should have been given (assuming the accuracy of the computation of interest), particularly since there was no suggestion in the instructions given that the appellant might be entitled to a verdict. A similar instruction should be given if there is a retrial, with interest recomputed to the date of that trial.

The judgment appealed from is reversed, with instructions to the trial court to grant appellant's motion for a new trial.

SCHWELLENBACH, C. J., HAMLEY, FINLEY, and OLSON, JJ., concur.