[No. 33192.   Department One.   August 11, 1955.]

RAYMOND DeKONING, *a Minor, by John DeKoning, his Guardian ad Litem, Appellant,* v. EUGENE FRANK WILLIAMS, *a Minor, by Frank J. Williams, his Guardian ad Litem, et al., Respondents.*[1]

*Kenneth C. Hawkins* and *Chaffee & Aiken,* for appellant.

*Gavin, Robinson & Kendrick* and *Sensney & Davis,* for respondents.

[1]Reported in 286 P. (2d) 694.

OTT, J.—The plaintiff instituted this action against the defendants to recover damages for injuries sustained as the result of a truck and automobile collision. The driver of the defendants' truck will be referred to herein as though he were the sole defendant.

In his complaint, plaintiff alleged that the vehicles of the plaintiff and defendant were approaching from opposite directions; that the defendant operated his truck by suddenly and without cause veering it across the center line of the highway into plaintiff's lane of travel; that the plaintiff was thereby confronted with an emergency, and that, in an attempt to avoid an imminent collision, plaintiff, in the exercise of his best judgment under the circumstances, turned his automobile to the left and across the center line of the highway, but, due to the speed of the truck, the vehicles collided.

Defendant answered the complaint, denying any negligence on his part and alleging contributory negligence of the plaintiff as an affirmative defense. His cross-complaint for damages alleged that the plaintiff and cross-defendant was primarily negligent in several particulars. In his reply, plaintiff denied the material allegations of the answer, affirmative defense, and cross-complaint. Upon the issues thus joined, the cause was tried to a jury.

Defendant testified that he did not remember any details of the collision, as, immediately before the accident, he was rolling down the window on the left side of his truck, and the next thing he knew he was pulling his head out of the windshield.

Plaintiff testified that he was traveling on his right side of the straight, dry highway at a lawful rate of speed; that it was broad daylight and the view ahead was unobstructed; that the defendant was driving on his own side of the road at a lawful rate of speed, until he was about fifty or one hundred feet away; that defendant then abruptly turned his vehicle to the left and into plaintiff's lane of travel, and that plaintiff, because of the emergency, turned his car into the left lane of the highway in an attempt to avoid a colli-

sion. Debris from both vehicles was scattered on both sides of the center line, indicating that both were partially on the wrong side of the highway.

The jury returned a verdict for the defendant. From a judgment of dismissal, entered on the verdict of the jury, plaintiff has appealed.

Appellant assigns as error the failure of the trial court to give his requested instructions Nos. 4, 5, 6, and 9. The first three instructions deal specifically with the doctrine of imminent peril and emergency, as applied to appellant's sole theory of his cause of action. The fourth instruction deals with life expectancy. Error also is assigned to the court's denial of appellant's motion for a new trial, and to the entry of judgment of dismissal.

The appellant's principal contention in support of his assignments dealing with requested instructions Nos. 4, 5, and 6, is that, by the court's refusal to give them, his theory of the case was not adequately presented to the jury. By the pleadings and the testimony of the appellant, there is an admission that, because of the emergency caused by the negligent acts of the respondent, appellant was in fact over the center line of the highway. The entire theory of appellant's case is predicated upon the proper application of the emergency doctrine to the facts in this case.

In instructing the jury, the court covered appellant's theory by only a single general instruction. Each party is entitled to have his theory of a case presented to the jury by proper instructions, if there is any evidence to support it, and this right is not affected by the fact that the law is covered in a general way by the instructions given. *Allen v. Hart*, 32 Wn. (2d) 173, 176, 201 P. (2d) 145 (1948), and case and text cited; *Adjustment Department, Olympia Credit Bureau v. Smedegard*, 40 Wn. (2d) 76, 78, 241 P. (2d) 203 (1952), and cases cited; *Billington v. Schaal*, 42 Wn. (2d) 878, 881, 259 P. (2d) 634 (1953).

Where, as in this case, the appellant has but one single theory upon which he seeks to recover, that of justifying the driving of his automobile into respondent's lane of

travel because of an emergency created by the respondent, and having timely requested an instruction thereon, he was entitled to have his theory of the case specifically presented to the jury by a special instruction that the emergency doctrine announced by the court applied to the appellant alone. The general instruction given confused the jury because it, in effect, informed the jurors that the emergency doctrine was applicable to the respondent, as well as to the appellant. Obviously, from the pleadings and the proof, the respondent was not entitled to the inference that the emergency doctrine, as announced by the court's general instruction, applied to him.

We therefore hold that the giving of a single general instruction on the emergency doctrine did not adequately present to the jury the appellant's sole theory of the case, as alleged in the pleadings, and upon which theory the issues were joined and proof was submitted at the trial.

Although any one of appellant's proposed instructions Nos. 4, 5, and 6 would have called to the attention of the jury the application of the law to appellant's theory of the case, we do not approve the precise wording used by the scrivener. Upon a retrial, the proposed instructions should be redrawn to more clearly and concisely present the law and appellant's theory of the case to the jury following generally the rule announced in 1 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. ed.), 538, § 668, and 2 Restatement, Torts, 796, § 296.

The appellant next assigns as error the court's failure to give his requested instruction No. 9 on life expectancy.

In *Thompson v. Seattle*, 35 Wn. (2d) 124, 211 P. (2d) 500 (1949), this court held that the giving of such an instruction is proper, where there is evidence of either permanent injury, future loss of earnings, or future pain and suffering. From the evidence in the case at bar, the jury could have concluded that appellant was permanently injured. The medical testimony of appellant's doctor, a plastic surgeon, was in part as follows:

"Q. It is your advice that two more operations should be performed on his nose? A. That is correct. . . . Q. Do

you anticipate that you will get, in all reasonable probability, a good result from those two surgical procedures? A. I think we will get an adequate airway on both sides, proper drainage, proper restoration to a large degree on the air warming factor although not completely normal because of the amount of scar tissue present following the injury but we can get a satisfactory restoration so he will not have later complications. We would not reasonably expect him to have later complications. He always may. As far as appearance of his nose is concerned I will think we will have a nose which will be acceptable both to the public and I think to Raymond."

From the above testimony, together with the testimony of other doctors, and of appellant concerning his continuous pain and suffering up to the time of the trial (a period of one year and ten months after the accident), we conclude that, under the facts and circumstances of this case, it was error to refuse to give the instruction on life expectancy.

The appellant was entitled to more specific instructions on his theory of the case, and the court erred in failing to instruct on life expectancy. It was therefore error to deny appellant's motion for a new trial and to enter judgment of dismissal.

The judgment is reversed, and the cause remanded with instructions to grant a new trial.

HAMLEY, C. J., DONWORTH, and WEAVER, JJ., concur.

SCHWELLENBACH, J. (dissenting)—It should be remembered that, on the facts, the jury found for the defendant.

Error is assigned in the failure of the trial court to give appellant's proposed instructions Nos. 4, 5, and 6. They were:

"4. I instruct you that if you find that the defendant's automobile was approaching plaintiff's automobile and that plaintiff, acting as a reasonable man, could have anticipated that a collision was imminent, and if you find that in order to avoid such collision, and acting in the presence of an imminent collision, that the plaintiff turned to the left in an effort to avoid such imminent collision, notwithstanding the instructions elsewhere given you, the plaintiff in so

turning his automobile at the very last, to avoid a collision, into the left hand side of the road, is not guilty of negligence or contributory negligence, and if you find that the defendant was operating his vehicle on the wrong side of the road and the plaintiff, Raymond DeKoning, turned to the left and onto the left hand side of the road in an effort to avoid such collision, then you must find that the defendant was guilty of negligence and you must find that the plaintiff was not guilty of contributory negligence. Your verdict then will be for the plaintiff in such amount as will adequately compensate him for the injuries proximately caused by such negligence, if any, of the defendant.

"5. Even though you find Raymond DeKoning's automobile was on the left hand side of the road at the point of impact, you may still find him free of negligence or contributory negligence if you find that his car was on the left hand side without fault on his part.

"If you find that his being on the left hand side of the road was because of his reasonable reaction to an emergency, then you should find his car was on the left hand side without fault on his part, and then if you find that the defendant was wholly or partially on the left hand side of the road and that his being on the left hand side of the road constituted negligence as elsewhere herein defined, and that such negligence proximately caused this accident, then you must return a verdict in favor of the plaintiff.

"6. A motorist confronted by a sudden emergency not caused by him is not held to the same accuracy of judgment or degree of care as in ordinary circumstances. He is not necessarily negligent because he makes a mistake of judgment or fails to adopt the best or wisest course for averting injury and is not liable for injury if he exercises reasonable care or prudence, considering the circumstances. Therefore, if you find that the plaintiff saw defendant's vehicle approaching him on plaintiff's own side of the highway, and if you further find that plaintiff, in such position of sudden peril or emergency, turned to the left and upon the left hand side of the road in an effort to avoid said imminent collision, you must find plaintiff not guilty of negligence, or contributory negligence."

Appellant's theory was that he should have been absolved from contributory negligence because he was faced with a sudden emergency. He contends that he was entitled to an

instruction (or better, instructions) on his theory. The trial court gave instruction No. 8:

"You are instructed that the operator of a vehicle who, by the negligence of another and not by his own negligence, is suddenly placed in a situation of emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice and one that would have been required in the exercise of ordinary care, but for the emergency."

The majority cites *Allen v. Hart,* 32 Wn. (2d) 173, 201 P. (2d) 145; *Adjustment Department, Olympia Credit Bureau v. Smedegard,* 40 Wn. (2d) 76, 241 P. (2d) 203; and *Billington v. Schaal,* 42 Wn. (2d) 878, 259 P. (2d) 634 in support of its holding. In the *Allen* and *Credit Bureau* cases, no instructions whatsoever were given on the appellant's theories.

In the *Billington* case, appellant assigned as error the failure to give proposed instruction No. 10:

" 'You are instructed that the duty is upon the driver of a vehicle which is following another vehicle to keep such distance from the vehicle ahead of him, and to maintain such observation of the vehicle ahead of him, that by the exercise of reasonable care such emergency stop as may be dictated by ordinary traffic conditions may be safely made.' "

In discussing that assignment, we said:

"It was appellant's contention throughout the trial that respondent had been negligent in driving in such close proximity to the rear of appellant's automobile that respondent was unable to stop when confronted with an emergency which was reasonably to be anticipated. Evidence submitted by appellant tended to support this contention. The quoted instruction would have presented that theory of the case to the jury. It embodies a correct statement of the law. *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064; *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824; *Miller v. Cody,* 41 Wn. (2d) 775, 252 P. (2d) 303.

"Respondent does not deny what has just been said. He argues only that failure to give the instruction was not prej-

udicial. In support of this view, respondent asserts that appellant's theory of the case was adequately covered by instructions Nos. 12, 13, 16 and 20.

"Instruction No. 12 was to the effect that a driver has the right to assume that other drivers will comply with the law, until he knows or should know to the contrary. No. 13 told the jury that it was the duty of a driver to keep a reasonably adequate lookout in view of existing circumstances and whatever dangers are reasonably to be apprehended. No. 16 advised that violation of an ordinance or statute by either driver would constitute negligence in and of itself, but that it was not necessary to show a violation of some specific ordinance or statute in order to establish negligence. No. 20 called attention to a Seattle traffic ordinance which requires drivers to keep a 'safe distance' behind an immediately preceding vehicle, and in no event to draw nearer to such vehicle than three feet.

"It will be noted that No. 20 is the only one of these instructions which makes any specific reference to the duty of a following driver. That instruction refers only to the Seattle ordinance which states in general terms the duty of such drivers, with the one specific requirement that a distance of at least three feet be maintained. Neither this nor any other instruction advised the jury, as proposed instruction No. 10 would have done, regarding the following driver's duty to be prepared to meet emergencies which could reasonably be anticipated. As this went to the very heart of appellant's case, we believe that failure to give proposed instruction No. 10 was prejudicial error. See *Allen v. Hart*, 32 Wn. (2d) 173, 201 P. (2d) 145."

In the present case, if instruction No. 8 had not been given, a failure to give such an instruction would have constituted reversible error. But here, appellant's theory was clearly and adequately presented to the jury.

A litigant's theory of a case should not be so pin pointed or high lighted by an instruction or instructions as to give him an undue advantage over his opponent. Instructions are not given for the benefit of an attorney to be used in his argument to the jury. They are not given for the purpose of confusing the jury, but to assist it. They are given to advise the jury as to the issues involved, and as to the law which it must apply to the facts which it finds. I agree that a litigant is entitled to have his theory of the case presented

to the jury. However, that does not mean that a trial judge, in order to "get by the Supreme Court" should take a batch of instructions proposed by the plaintiff and a batch proposed by the defendant and throw them indiscriminately at the jury. It is the duty of the trial judge to advise the jury, without taking sides, as to what the law is which must guide it in its determination of the case. Here the trial court, without any favoritism, thoroughly, fairly, and adequately instructed the jury as to the law covering all of the issues involved, including appellant's theory of the case.

If it be conceded that it was error not to instruct as to life expectancy, such error could not be prejudicial, because the jury found that appellant was not entitled to recover.

The judgment should be affirmed.

---

February 2, 1956. Petition for rehearing denied.