[No. 20307.   Department One.   March 28, 1927.]

ALVIN MARSTEN et al., Appellants, v. BILL WARNER, INCORPORATED, Respondent.[1]

[1] SALES (101)—WARRANTIES—EXPRESS STATEMENTS.   The purchaser of car, not familiar with the kind of brakes with which it was supplied, has a right to rely on representations and warranties that they had been overhauled and rebuilt for that particular car and were in good and safe condition.

[2] SALES (103)—WARRANTIES—INSPECTIONS OR TESTS.   Whether reliance on such representations was for a reasonable time, is a question for the jury, where there was evidence that the car was driven for only one hundred and fifty miles at the time of the accident and was in practically the same condition as when it was purchased.

Appeal from a judgment of the superior court for King county, Douglas, J., entered July 15, 1926, in favor of the defendant notwithstanding verdict rendered in favor of the plaintiff, in an action for damages. Reversed.

*Patterson & Patterson,* for appellants.

*Paul Carrigan,* for respondent.

MITCHELL J.—Plaintiffs Alvin Marsten and his wife purchased a second hand automobile from the defendant corporation under a special warranty, as they alleged, that the automobile was in first class mechanical condition, had been thoroughly overhauled and rebuilt, and was in good, sufficient and safe condition to be driven and operated in the ordinary manner. Nearly four months thereafter, while they were driving the car, an accident happened on account of defective brakes in the car causing the damages on account of which this action was brought. It was further alleged in the complaint that the plaintiffs believed

[1]Reported in 254 Pac. 850.

and relied on the representations and warranties, without which they would not have purchased the car nor would the accident have happened, all of which representations were untrue.

In substance, the answer of the defendant admitted the sale of the car, but denied the making of the representations or the giving of the warranties alleged or any of them. In the answer it was further alleged that the car was in good mechanical condition when it was sold to the plaintiffs; that the plaintiffs operated the car negligently and unskillfully at the time of the accident; and that the plaintiffs were negligent in operating the car for nearly four months without careful observations of the condition of the car and without the making of repairs useful and necessary. All affirmative matter set up in the answer was denied by the plaintiffs. There was a verdict for the plaintiffs. The defendant filed a motion for a judgment notwithstanding the verdict and also a motion for a new trial. The first of the motions was granted. The plaintiffs have appealed from the judgment dismissing the action.

The issues in the case were clear. They were supported and contradicted by substantial evidence. No exception was taken to the instructions to the jury. The verdict has determined the facts in favor of the appellants. In considering the kind of motion on which the case was decided the appellants are, of course, entitled to have the evidence viewed in the light most favorable to them.

[1] While the evidence shows that Marsten was more or less familiar with the use of an automobile and with this kind of an automobile, it also shows that he was not familiar with the kind of brakes in this particular car, which were different in kind and theory from those installed by the manufacturer of the car,

and which were represented by the respondent to have been overhauled and rebuilt for that particular car and to be in a good, sufficient and safe condition. The appellants testified that they relied on the representations and warranties made by the respondents, and without question there was sufficient evidence to satisfy the jury that the accident was caused by the defective condition of the brakes.

[2] The remaining question is whether or not the plaintiffs can charge the respondent with responsibility, or are themselves responsible for the accident in not putting the brakes in order or in not repairing them if they became unsafe during their use of the car. It cannot be said, as a matter of law, that the appellants did not have the right, for a reasonable length of time, to rely upon the warranty and representation of the respondent that the car was in a safe mechanical condition for ordinary use. What is a reasonable length of time depends on circumstances, such as the amount and kind of use the car was given. There is no testimony that the car was abused in any way or subjected to anything other than the ordinary kind of use. And there is very positive evidence on behalf of the appellants that, during all the time they had the car before the accident, it was not driven one hundred and fifty miles, and that, at the time of the accident, the car was in practically the same condition it was in when they purchased it from the respondent. Under these circumstances, the motion for judgment notwithstanding the verdict should have been denied.

Reversed, with directions to the superior court to set aside the judgment appealed from and pass on the motion for a new trial.

MACKINTOSH, C. J., FULLERTON, PARKER, and FRENCH, JJ., concur.