[No. 25952. Department One. April 1, 1936.]

RAY LARPENTEUR, a Minor, by A. C. Larpenteur, his Guardian ad Litem, Appellant, v. ELDRIDGE MOTORS, INC., Respondent.[1]

[1]Reported in 55 P. (2d) 1064.

*Leo J. Brand, Miller & Weiss,* and *Tucker & Tucker,* for appellant.

*Roberts & Skeel* and *W. R. McKelvy,* for respondent.

STEINERT, J.—This is an action to recover damages for injuries to person and property resulting from a collision between a bicycle ridden by plaintiff and an automobile driven by defendant's agent. The jury returned a verdict for plaintiff. On motion of defendant, the court granted judgment dismissing the complaint, notwithstanding the verdict of the jury. The plaintiff has appealed.

The accident occurred in March, 1928, more than six years before the commencement of the action and about seven years prior to the time of the trial. The only witnesses who testified concerning the details of the accident were the appellant and the respondent's driver and agent. The testimony of these two witnesses is in most respects in serious conflict, particularly upon the issues of negligence and contributory negligence.

In so far as the record is without substantial dispute, the facts are as follows: Appellant, a little over fourteen years of age at the time, was riding his bicycle, at the noon hour, from school to his home where he was to have lunch. He had ridden bicycles for three or four years previously and was a good rider. His course lay north along Ninth avenue N. E., between east Fifty-second street and east Fifty-fifth street, in the city of Seattle. Between east Fifty-third street and east Fifty-fifth street, Ninth avenue N. E. consists of a single block, twenty-five feet in width and about four hundred fifty feet in length, and slopes downward to the north. Respondent's agent and driver, who was a mechanic, had previously repaired

a customer's car, which was a Buick roadster type, and was at the time testing its efficiency, using Ninth avenue N. E. for that purpose. The automobile was proceeding ahead of the appellant about eighteen or twenty feet. Within the block above mentioned, and at some distance from either intersection, the automobile stopped, and the bicycle following it crashed into its rear end, throwing the appellant up onto the rear portion of the automobile, causing the injuries for which this action was brought.

Apart from these undisputed facts, the driver of the automobile testified that he was proceeding at a lawful rate of speed and that, after giving the proper signal, he had slowed down and drawn over to the curb near the middle of the block, where he had stopped for the purpose of examining the brake drums of the car; that up to that time he had not subjected the car to any brake test while on the street and had made no previous stop in that vicinity; and that, while his car was standing in that position, the bicycle ran into it from the rear. If his testimony were believed, it undoubtedly would absolve him from any charge of negligence.

It is, however, a familiar rule that it is the duty of the court, in considering a motion for judgment notwithstanding the verdict, to take that view of the evidence which is most favorable to the party against whom the motion is made. *Metropolitan Club v. Massachusetts Bonding & Ins. Co.*, 127 Wash. 320, 328, 220 Pac. 818; *Marsten v. Warner, Inc.*, 143 Wash. 58, 254 Pac. 850; *Hansen v. Continental Casualty Co.*, 156 Wash. 691, 701, 287 Pac. 894.

A motion for judgment notwithstanding the verdict involves no element of judicial discretion. It cannot be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable in-

ference from the evidence to sustain the verdict. *Karr v. Mahaffay*, 140 Wash. 236, 242, 248 Pac. 801; *Lee v. Gorman Packing Corp.*, 154 Wash. 376, 381, 282 Pac. 205; *Haan v. Heath*, 161 Wash. 128, 296 Pac. 816.

Viewing the matter, then, in the light most favorable to appellant, we must state additional facts, shown by the evidence, as follows: Coming along Ninth avenue N. E. toward east Fifty-third street, on his bicycle, appellant slowed down in crossing the intersection. About the same time, the automobile in charge of respondent's agent drew out from the position in which it had been standing near the curb, about twenty feet north of the intersection, and proceeded in a northerly direction down Ninth avenue N. E. ahead of the appellant. According to a map introduced as an exhibit by the appellant, Ninth avenue N. E., for a distance of about one hundred fifty feet north of the intersection of east Fifty-third street, has a down grade of 9.4 per cent. The automobile driver estimated the grade at that point at about four or five per cent, which we shall accept as being the more favorable to appellant.

As the automobile proceeded, the appellant followed in its rear at a distance of eighteen or twenty feet. The automobile increased its speed to about eighteen or twenty miles an hour, and the appellant accordingly increased his to the same rate so as to maintain a constant distance of eighteen or twenty feet between him and the automobile. Appellant had no intention of passing the vehicle ahead of him and made no effort to do so, but followed in the rear pursuing a course back of the middle portion of the automobile. At a point about one hundred fifty feet north of east Fifty-third street, the automobile suddenly stopped without a warning being given. The appellant applied his brake, but was unable to bring his bicycle to a stop

in time to avoid a collision. As a result, the bicycle proceeded forward for some distance under brake pressure and then skidded or slid several feet against and under the rear tire of the automobile, hurling the appellant with great force forward and up onto the top of the rear portion of the roadster automobile.

The appellant testified that, at the speed at which he had been traveling just prior to the accident, and under the conditions then existing, he could bring his bicycle to a full stop in a distance of eighteen or twenty feet. It will be observed that this distance is exactly the distance that he was continuously maintaining between himself and the automobile ahead. In other words, the speed and the intervening distance which appellant was maintaining at the time were such as would require eighteen or twenty feet to bring his bicycle to a complete stop. But to do so, he would necessarily have to put on his brake simultaneously with the stopping of an object ahead of him, and even then, the result would be a contact, if not a forceful collision, with such object.

 The conduct of the appellant was not the exercise of that care required of him while following the automobile. He had the right, of course, to follow traffic at a reasonable and safe distance, but he was also under the duty of reasonably governing his speed and maintaining such a reasonable distance back of the automobile and such reasonable lookout ahead as would provide for the contingency of the sudden stopping of the car in front of him.

With respect to automobiles, the rule in such cases is stated, generally, in 2 Blashfield Cyclopedia of Automobile Law and Practice (1935 Ed.) 94, § 942, as follows:

"A motorist has right to follow another motorist at reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe dis-

tance so as to provide for the contingency of a car in front suddenly stopping, maintaining a proper lookout for the car immediately preceding him, and so that he can stop without a collision, or can turn out sufficiently to pass the vehicle in front without going across the street in the way of traffic approaching from the opposite direction, as that will naturally result in collision with such traffic.''

In *Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270, the rule is laid down that the driver of an automobile must keep such distance from a car ahead of him and maintain such observation of such car that an emergency stop may be *safely* made.

The same rule should apply to bicyclists who follow automobiles, and we hold that it does, because the reason for the rule and the probable consequences of its violation are the same in both cases. In some respects at least, the necessity for conformance to such rule applies with greater force to a bicyclist than it does to a motorist, because the attempt to stop a rapidly moving bicycle suddenly will usually cause it either to skid or else to fall over and slide forward on its side. This very case is an apt illustration of the consequences of the failure to observe the rule announced. It demonstrates that the appellant was either not maintaining a proper lookout or else that his speed was too great to provide a fair margin of safety under the circumstances.

We are of the view, as apparently the trial court was, that appellant himself was guilty of negligence in one or the other of the respects above noted, and that his negligence contributed proximately and materially to the collision and consequent injuries. The judgment is affirmed.

MILLARD, C. J., GERAGHTY, TOLMAN, and MITCHELL, JJ., concur.