[No. 33967. Department One. February 28, 1957.]

PEERLESS FOOD PRODUCTS COMPANY, *Appellant*, v. CLIFFORD BARROWS *et al., Respondents.*[1]

[1] Reported in 307 P. (2d) 882.

 

 

*Burgess & Lambert,* for appellant.

*Lester T. Parker,* for respondents.

FINLEY, J.—This is an action to recover damages allegedly arising out of a collision of motor vehicles which occurred about four p. m. October 29, 1954, at the intersection of highway 410 and Glenn road, near the city of Montesano, Washington.

Plaintiff's vehicle, a 1953 two-ton truck, tractor, and refrigerator van was proceeding in an easterly direction on highway 410. Simultaneously, the vehicle driven by defendant Barrows was proceeding in a southerly direction on Glenn road toward highway 410.

The defendant testified that he stopped upon approaching the intersection, looked to his right and then to his left; that his view to the left was obstructed by a telephone pole, but that *he could see no vehicle approaching within a distance of three hundred feet.* He proceeded onto highway 410, and, when his front wheels were on the arterial highway, the bumper of his vehicle was struck by an automobile proceeding in a westerly direction on highway 410, driven by John F. Cole, Jr., now deceased. The Cole automobile was thrown out of control. It continued down highway 410, crossed onto the wrong side of the highway, and crashed into the plaintiff's vehicle.

Plaintiff alleged that the defendant was negligent in failing to yield the right of way; and that this negligence was the proximate cause of the collision.

The jury returned a verdict in favor of the defendant. The plaintiff appeals from a judgment of dismissal entered after the court denied plaintiff's motion for a judgment notwithstanding the verdict or for a new trial.

Error is assigned to the giving of instruction No. 8 to the jury. This instruction informed the jury that, if they found that the defendant looked to his left before entering the arterial highway and saw that there was no car

approaching from that direction in close enough proximity to lead an ordinarily prudent person to believe that there was not sufficient time for him to enter the highway, then the defendant had a right to assume that any car approaching was being driven at a reasonable and legal rate of speed and that its driver would maintain a reasonable lookout ahead and have it under reasonable control; that defendant could rely upon such assumption, until, in the exercise of ordinary care, he should have determined that the car was approaching him at an unlawful rate of speed.

In the trial court, plaintiff excepted to instruction No. 8 on the ground that it was an incorrect statement of the law in "that it purports to relieve the defendant from the obligation of looking from a place at which he can see." On the other hand, on appeal, the plaintiff argues that instruction No. 8 was erroneous because it is inconsistent and conflicting with other instructions.

This latter contention was not called to the attention of the trial court. It cannot be urged for the first time here on appeal, and consequently we will not consider this particular contention on appeal. *Burwell v. Moore*, 47 Wn. (2d) 570, 575, 288 P. (2d) 841 (1955); *Sigurdson v. Seattle*, 48 Wn. (2d) 155, 163, 292 P. (2d) 214 (1956).

In any event, we think that instruction No. 8 is a proper statement of the law. In other words, every driver has the right to assume, until he knows or should know to the contrary, that other users of the highway will obey the traffic laws and rules of the road. *Massengale v. Svangren*, 41 Wn. (2d) 758, 760, 252 P. (2d) 317 (1953); *Nopson v. Seattle*, 33 Wn. (2d) 772, 789, 207 P. (2d) 674 (1949).

Instruction No. 7 provided that every operator of a vehicle is charged by law with the duty of seeing those objects or persons which he would have seen had he been exercising reasonable care; therefore, instruction No. 8, when read in conjunction with No. 7, does not "relieve the defendant from the obligation of looking from a place at which he can see."

Finally, plaintiff-appellant argues that the trial court

erred in denying its motion for judgment n.o.v. because the defendant-respondent was negligent as a matter of law, in proceeding into the intersection.

The defendant, when called as an adverse witness, testified as follows:

"Q. How far could you see down the highway in the direction from which Mr. Cole was coming? A. Well it just depends. You could see a long ways from one spot, and in another spot you couldn't see so far. That's on account of the telephone pole that obstructed the view, but I could see 300 feet."

The jury was instructed that by statute (RCW 46.60.170) the operator of a vehicle upon approaching an arterial highway has the primary duty to yield the right of way to vehicles approaching from either right or left. Also, that the speed limit for the operator of a vehicle upon an arterial highway at such intersection is thirty-five miles per hour. RCW 46.48.021.

The defendants in *Gibson v. Spokane United Rys.*, 197 Wash. 58, 84 P. (2d) 349 (1938), and *Pyle v. Wilbert*, 2 Wn. (2d) 429, 98 P. (2d) 664 (1940), argued that the plaintiffs (the disfavored drivers) were negligent as a matter of law in proceeding into an intersection under factual situations similar to that in the instant case.

We held that the issue of contributory negligence in both cases was a question of fact. In the latter case, we said:

"It could not be held as a matter of law, even if respondent [the disfavored driver] had seen appellants' automobile when respondent attempted to cross the arterial, that there was not a reasonable margin of safety. If appellants' automobile had not exceeded the speed limit in approaching the intersection—a fact the jury was warranted in finding under the evidence—respondent would have had sufficient time in which to have passed out of the intersection and there would have been no collision."

From the evidence in this case, the jury could have found that the Cole vehicle was traveling approximately seventy to eighty miles per hour; that if Cole had been proceeding lawfully, the defendant would have had a reason-

able margin of safety in proceeding onto the arterial highway; and that the accident would not have occurred but for the excessive speed of the Cole vehicle.

The judgment is affirmed.

HILL, C. J. MALLERY, OTT, and FOSTER, JJ., concur.