[No. 33833. Department One. May 9, 1957.]

FRED E. HENDERSON *et al., Respondents,* v. OTTO E. BAHLMAN *et al., Appellants.*[1]

[1]Reported in 310 P. (2d) 1077.

*O'Leary, Meyer & O'Leary,* for appellants.

*Smith Troy* and *John Spiller,* for respondents.

SCHWELLENBACH, J.—At about five-thirty on the after-noon of January 13, 1954, Fred E. Henderson was driving his pick-up truck home on a highway in Thurston county, known as the Yelm-Olympia highway. The weather was dark, drizzly, and very disagreeable. He noticed a man on the opposite side of the road, headed toward Olympia, who was having trouble with his car. He turned around, got behind the car in trouble, and proceeded to push it. After traveling about seven hundred fifty feet, the bumpers became locked. They drove onto the shoulder of the road and stopped, leaving Henderson's truck partly off and partly on the paved portion of the road. As Mr. Henderson was standing on the bumpers between his truck and the car he was pushing, the rear of the truck was hit by a car driven by Mr. Bahlman, severely injuring Mr. Henderson.

There is a dispute in the evidence as to the speed of defendants' car. Defendant testified that he was traveling about forty-five miles per hour. One witness estimated his speed at between seventy to seventy-five miles per hour. Another testified that he was going at a terrific rate of speed. As a result of the collision, Mr. Henderson's truck landed in the field on the right side of the road, and the car he was pushing came to rest in a driveway on the opposite side of the road. The rear bumper of the truck was knocked completely off, the spare tire was shoved up underneath the body, and the bolts that held the metal bed to the body were ripped off.

This action was commenced, the complaint alleging negligence of the defendant husband which was the direct and proximate cause of the accident. Defendants answered, denying liability and affirmatively alleging contributory negligence which was the proximate cause of the accident in two respects: (1) unlawful parking on the highway, and (2) that plaintiffs' car was not equipped with reflectors or taillights as required by law. After trial, judgment was entered for plaintiffs upon a verdict of the jury, and this appeal follows.

Error is assigned to the failure of the court to advise the jury not to consider a remark made by counsel for respondents; in allowing a witness for respondents to testify as to the condition of respondents' truck eleven months after the collision; in denying appellants' motion for nonsuit and motion for judgment n.o.v., and to the giving of certain instructions.

We find no merit in the first assignment of error and will not discuss it.

The trial court permitted the man who bought the truck several months after the accident, to testify as to its condition. Respondent testified that it was then in the same condition as it was immediately after the accident. The court stated, in the presence of the jury, that this (the time element) went to the weight of the evidence. We find no

error in this ruling. Furthermore, the evidence was merely cumulative.

Section 110, chapter 189, Laws of 1937, p. 908 (*cf.* RCW 46.48.290) provides:

"It shall be unlawful for any person to stop, park or leave standing any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any public highway outside incorporated cities and towns when it is possible to stop, park, or so leave such vehicle off such paved, improved or main traveled portion of such public highway. In the event that it is not possible to leave such vehicle standing off the paved, improved or main traveled portion of such public highway at least one half of the width of such roadway shall be left clear and unobstructed for the free passage of other vehicles and a clear view of such stopped vehicle shall be available for a distance of three hundred (300) feet in each direction upon such public highway: *Provided,* This section shall not apply to the operator of any vehicle which is disabled upon the paved or improved or main traveled portion of any public highway in such a manner and to such an extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

We have held that this statute means what it says and that a violation thereof constitutes negligence *per se.* *Greisen v. Robbins,* 36 Wn. (2d) 64, 216 P. (2d) 210; *Los Angeles-Seattle Motor Express v. Inland Petroleum Transp. Co.,* 39 Wn. (2d) 962, 235 P. (2d) 998. In *Green v. Floe,* 28 Wn. (2d) 620, 183 P. (2d) 771, after quoting the above statute, we said:

"There is no contention that the truck involved in this action was disabled. The evidence conclusively shows that the truck was parked partly on the paved part of the highway, and that, at the point where the truck was parked, there was a bridge and driveway which would have permitted White to drive the truck completely off the highway. There was testimony from which the jury could have concluded there was no taillight burning on the truck at or during the time it was parked. Appellant White stated that he parked the truck as far off the highway as he could, but we are satisfied that, under the conditions here shown to exist, White did not comply with the plain language of the

section above referred to; that, having failed to comply with the statute, he was guilty of negligence."

We cannot say that respondents' truck was disabled to such an extent that it could not be operated at the time the drivers stopped. The statute makes it unlawful to stop a vehicle upon the paved, improved, or main-traveled portion of a public highway when it is possible to stop off such paved, improved, or main-traveled portion of such highway.

■ Appellants alleged contributory negligence on the part of Henderson, in that he violated the statute. The burden was on them to prove such violation. This case is similar to *Green v. Floe, supra,* in that the evidence conclusively shows that the truck was stopped partly on the paved part of the highway. However, it differs from *Green v. Floe* in that here the evidence did not conclusively show that the truck was so stopped when it was possible to stop off the main-traveled portion of the highway.

■ The minds of reasonable men could differ on that question. The problem of whether or not this statute was violated should have been, and was, submitted to the jury. The trial court, on the evidence, could not have determined that Henderson was guilty of negligence, in that respect, as a matter of law. It is urged that, as Henderson was pushing the car, they went past a service station and store where they could have gotten off the road. However, at that time there was no need to stop, and they went right on ahead.

Error is assigned in giving instruction No. 12A:

"You are instructed that the laws of this state, in effect at the time of the collision in controversy, required of motor vehicles such as operated by plaintiff Fred E. Henderson two rear lights only in the event the motor vehicle was sold as a new motor vehicle in the state of Washington after 1939. In this connection should you find from the evidence that the said motor vehicle was purchased in the state of California, either new or second-hand, at any time prior to the collision in controversy, the laws of this state at the time of said collision required, only one rear lamp, such lamp to be capable of exhibiting a continuous red light plainly visible from a distance of five hundred (500) feet to the rear."

The first paragraph of RCW 46.40.030 provides:

"Every motor vehicle not operated in combination and every trailer and semitrailer shall be equipped with a rear lamp capable of exhibiting a continuous red light plainly visible from a distance of five hundred feet to the rear, except that every new motor vehicle not to be used in combination and every trailer or semitrailer sold in this state after January 1, 1939, shall be equipped with two rear lamps, one located near each side, each capable of exhibiting a continuous red light plainly visible from a distance of five hundred feet to the rear."

At the time of the accident Henderson's truck had only one rear light. He had purchased the truck in California in 1951 and had brought it to this state in 1952. The instruction was necessary in order that the jury might determine that Henderson was not violating RCW 46.40.030. It correctly stated the law.

Error is assigned to the giving of instruction No. 15:

"You are instructed that a person *in the exercise of ordinary care himself* has the right legally to assume that another person using the highway will also exercise ordinary care and obey the laws, until he has notice to the contrary. Therefore, in this case, if you find that either party was in the exercise of ordinary care at the time of, and just preceding, the accident, he had a right to assume and rely upon the law that the other party also would exercise ordinary care and obey the law. Stated another way, *one who is himself not negligent* is entitled to rely upon the presumption that others will exercise due care, so that it is not negligence to fail to anticipate danger which can only come from a violation of law or duty upon the part of another." (Italics ours.)

Our search has not revealed any case where this court has approved an instruction containing the italicized portions of the above instruction. In *Green v. Floe, supra,* we approved the following instructions:

" '(13) You are instructed that all travelers on the highways are justified in assuming that other travelers will observe the rules of the road, and may act upon that assumption without being guilty of contributory negligence.'

" '(14) You are instructed that a person operating a vehicle upon public highways may, in the exercise of reason-

able care, presume that other users of the highway will obey the law.' "

In *Greisen v. Robbins, supra,* the respondent parked his car in the nighttime outside the city limits of Seattle, so that it extended two feet onto the traveled, hard-surfaced portion of the highway. The automobile was unlighted. The appellant, while intoxicated, drove his car into the rear end of respondent's car. His negligence was conceded. In reversing a judgment for respondent, we said:

"One driving at night, outside of cities and towns, has a right to assume, in the absence of a red light to warn him to the contrary, that the traveled portion of the highway ahead of him is safe for travel and unobstructed. *Morehouse v. Everett,* 141 Wash. 399, 252 Pac. 157; *Coins v. Washington Motor Coach Co.,* 34 Wn. (2d) 1, 208 P. (2d) 143.

". . .

"The duty of care, imposed by the statutes, is for the benefit of all users of the highway. Proof of a user's negligence, if it is one of the proximate causes of the injury, will, of course, defeat his own recovery, but that is not to say that the violation of the statutes is thereby excused or that the respondent owed to the appellant no duty to obey the statutes because of his intoxication.

"The cited statutes are general in nature, and will not bear a construction which would strike from their purview the applicability of the duty of care in parking therein imposed as to all negligent persons as a class or to intoxicated persons in particular.

"The negligence of others may not be converted from a shield into a sword.

"Accordingly, we hold that the respondent was guilty of contributory negligence, as a matter of law, and that the trial court erred in not granting the motions to dismiss and for judgment n.o.v."

The right of travelers on the highway to be justified in assuming that other travelers will observe the rules of the road is not limited to those who are not themselves negligent.

Here the trial court fully instructed the jury as to negligence, contributory negligence, and proximate cause, and submitted to the jury the question of whether or not the applicable statutes had been violated. However, under

266

the circumstances of this case, we are of the opinion that the giving of instruction No. 15 had the effect of tipping the scales in favor of respondents and to the prejudice of appellants. It served to call the attention of the jury to the alleged negligence of Mr. Bahlman.

The judgment is reversed and the cause remanded with directions to grant a new trial.

DONWORTH, FINLEY, ROSELLINI, and FOSTER, JJ., concur.

[1]Reported in 310 P. (2d) 1072.