[No. 35189.   *En Banc.*   November 9, 1960.]

MAX TORREZ *et al., Respondents,* v. D. S. PECK, *Appellant,*
JOHN O. WEBER, JR., *Defendant.*[1]

[1]Reported in 356 P. (2d) 703.

*Gavin, Robinson & Kendrick* and *Robert R. Redman*, for appellant.

*J. P. Tonkoff* (of *Tonkoff, Holst & Hopp*), for respondents.

HUNTER, J.—This is an appeal from a judgment entered in an action for damages for personal injuries. The injuries were sustained by the plaintiff, Mary Torrez, when she was thrown to the floor by reason of an abrupt stop while riding as a passenger in the defendant's bus.

The trial court, sitting without a jury, found that defendant's employee, while operating defendant's bus, followed a preceding car too closely at an excessive rate of speed under the circumstances then existing, and failed to properly observe traffic on the highway. The trial court then concluded that this constituted negligence and was the proximate cause of the accident. Upon judgment for the plaintiff, the defendant appeals.

Appellant contends the findings of the trial court were not supported by sufficient evidence. We disagree. In determining this question, we are governed by the rule that if the findings are supported by substantial evidence, they will not be disturbed by this court. *Stringfellow v. Stringfellow*, 56 Wn. (2d) 957, 350 P. (2d) 1003 (1960), and cases cited.

The record shows that the appellant was in the outside lane of a four-lane highway proceeding, at approximately fifteen miles per hour, about fifteen feet behind a car traveling in the same direction; that, as the preceding car was entering an intersection, a third vehicle, approaching from the opposite direction, made an illegal left-hand

turn forcing the preceding car to stop. During this time, appellant's driver was looking to his right down the street to the south and failed to observe the third car as it made the illegal left-hand turn in front of the car ahead. We deem this to be substantial evidence upon which the trial court's findings could be based. It is reasonable to conclude that the driver's operation of the bus too closely to the preceding car at too great a rate of speed, under the circumstances, necessitated the abrupt stop which, in turn, caused the injury to the respondent.

Appellant contends this evidence does not show negligence by his employee driver, notwithstanding the high degree of care owed to passengers by public carriers, because he was not bound to have foreseen the illegal left-hand turn of the third car ahead. In support of this, appellant points out the established rule to the effect that drivers on the highway are entitled to assume that other users of the highway will properly yield the right of way until the driver knows or should know such right of way will not be granted, citing *inter alia, Nopson v. Seattle,* 33 Wn. (2d) 772, 207 P. (2d) 674 (1949) and *Henderson v. Bahlman,* 50 Wn. (2d) 259, 310 P. (2d) 1077 (1957). This rule does not justify a driver in merely depending upon other users of the highway obeying the rules of the road in every situation. *Owens v. Kuro,* 56 Wn. (2d) 564, 354 P. (2d) 696 (1960). In the *Owens* case (footnote 5), we quoted from 2 Blashfield Cyclopedia of Automobile Law and Practice (Perm. ed.) 298, 303, § 1028, as follows:

" . . . The rule that a motorist has a right to assume that other users of the highway will not drive negligently . . . *applies only in favor of those whose conduct measures up to the standard of due care.* . . ." (Italics ours.)

This assumption does not excuse the operator of a motor vehicle from complying with the rules of the road applicable to a following driver. The rules of the road require that the operator of a motor vehicle shall not follow another car more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the highway. RCW 46.60.080.

■ The general standard of care owed by the following car is stated in *Miller v. Cody*, 41 Wn. (2d) 775, 252 P. (2d) 303 (1953):

"Where two cars are traveling in the same direction, the primary duty of avoiding a collision rests with the following driver. In the absence of an emergency or unusual conditions, he is negligent if he runs into the car ahead. *Tackett v. Millburn*, 36 Wn. (2d) 349, 218 P. (2d) 298. The following driver is not necessarily excused even in the event of an emergency, for *it is his duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made. Ritter v. Johnson,* 163 Wash. 153, 300 Pac. 518, 79 A. L. R. 1270; *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064; *Cronin v. Shell Oil Co.,* 8 Wn. (2d) 404, 112 P. (2d) 824." (Italics ours.)

■■ The standard of care was more exacting of the bus driver in the instant case. A high degree of care is required of a common carrier for the safety of his passengers. *Gentry v. Greyhound Corp.,* 46 Wn. (2d) 631, 283 P. (2d) 979 (1955). Under the circumstances of the instant case, it was the duty of the bus driver to follow the preceding car at a reasonable distance and keep his vehicle under control to avoid a rear-end collision safely, in case an emergency, which could reasonably be anticipated, should develop in the traffic ahead. *Billington v. Schaal,* 42 Wn. (2d) 878, 259 P. (2d) 634 (1953). A prudent bus driver, approaching a busy intersection under the facts of this case, should reasonably anticipate that a preceding car may be required to make an emergency stop. The trial court correctly concluded that the violation of the duty imposed upon the appellant's employee as a following driver was the proximate cause of the abrupt stop, resulting in injury to the respondent.

■ The appellant finally contends the illegal left-hand turn of the third car constituted an intervening act of negligence which exonerated appellant from liability. This contention is without merit. The proximate cause of the injuries sustained by the respondent passenger was the failure of the appellant's driver to operate the bus in the

manner required under the circumstances, as we have previously stated in this opinion.

The judgment of the trial court is affirmed.

HILL, FINLEY, ROSELLINI, and FOSTER, JJ., concur.

MALLERY, J. (concurring specially) — The respondent Mary Torrez was injured without any fault of hers while riding on a public carrier, which was required by law to carry public indemnity insurance.

I am willing to agree with the result of the majority opinion for the reason that justice has been done. The result is in accord with the universal trend in judicial opinions of allowing recoveries without proof of any real negligence on the part of a carrier. The rule requiring carriers to exercise the highest degree of care is a subterfuge for allowing recoveries without showing any negligence, as in the present case.

The facts in this case illustrate my point. The carrier had been proceeding east on Yakima Avenue, which is a six-lane arterial street in the city of Yakima. It had been following an automobile, but when the carrier stopped at the railroad tracks the preceding automobile had drawn ahead. It caught up with the automobile at the red light at the intersection with Front Street, a two-lane nonarterial street. When the light turned green, the carrier and the automobile proceeded into the intersection at a speed, according to respondent Mary Torrez, of ten to fifteen miles an hour. The carrier was then following the automobile at a distance of about ten or twelve feet.

The carrier's driver had looked to the right just as another automobile proceeding west on Yakima Avenue made a left turn, in violation of RCW 46.60.160 and Yakima city ordinance No. B-1526, § 48(c), directly in front of the automobile preceding him. The carrier's driver had not seen the automobile make the illegal turn, but he did see the automobile preceding him stop abruptly and he, thereupon, applied his brakes and brought the carrier to an abrupt stop. He did not collide with the preceding automobile. The abrupt stop threw the respondent Mary Torrez into the seat

ahead of her with resulting injuries to her knee and back.

The carrier did not collide with the preceding automobile. The emergency created by the automobile making the illegal left turn obviously extended to all vehicles which had to stop abruptly because of it. These, of course, included the carrier and justified its abrupt stop just as it did that of the preceding car.

Unless it can be said that the carrier's driver has a duty to save his passengers harmless even in the emergencies created by the illegal acts of others, it must be held that the carrier's driver was not negligent under the circumstances of this case.

Upon this question, this court has held on many occasions "that a driver has the right to assume, until he knows or should know to the contrary, that the other users of the road will obey the rules of the road." *Nopson v. Seattle,* 33 Wn. (2d) 772, 207 P. (2d) 674. See, also, *Massengale v. Svangren,* 41 Wn. (2d) 758, 252 P. (2d) 317; *Peerless Food Products Co. v. Barrows,* 49 Wn. (2d) 879, 307 P. (2d) 882; *Henderson v. Bahlman,* 50 Wn. (2d) 259, 310 P. (2d) 1077.

Since a driver has no duty to be prepared for emergencies created by the illegal acts of others, the carrier was not negligent prior to the abrupt stop nor because of it.

I think a tenable legal theory would be to hold the statutory requirement that carriers must carry public liability insurance before they can be permitted to operate is intended for the benefit of all passengers injured without their own fault. The scope of such coverage would put carriers in the position of insurers to that extent. The requirement that they take out insurance policies simply operates to provide a surety on their obligation to assume the full risk of injury to innocent passengers, which the statute intended to impose on carriers.

Such a legal theory comports more with judicial integrity than the subterfuge of finding negligence in cases where none exists.

I concur only in the result of the majority opinion.

DONWORTH, J. (dissenting)—The trial court, as evidenced by its oral decision, was of the view that the car which made the illegal left turn in front of the car preceding the bus presented an *ordinary* traffic condition which was to be expected by the bus driver. Since this was an ordinary traffic condition to be expected by the bus driver, the trial court reasoned that he was following the preceding car too closely.

I cannot agree that the situation presented here constituted an ordinary traffic condition which was to be expected by the bus driver. Although, as a common carrier, appellant owed his passengers the highest degree of care consistent with the practical operation of his bus, his driver, like all other drivers on the road, had the right to assume, until he knew or should have known to the contrary, that the other drivers on the road would obey the rules of the road.

I would reverse the judgment and dismiss respondent's action.

WEAVER, C. J., and OTT, J., concur with DONWORTH, J.

February 2, 1961. Petition for rehearing denied.