## BARWOOD, INC., ET AL. *v.* GEORGI, ET UX.

[No. 173, September Term, 1968.]

*Decided April 1, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Peter C. Andresen* for the appellants.

*Ralph R. Roach* and *C. Edward Nicholson* for the appellees.

PER CURIAM.

This appeal stems from a collision, in the late afternoon of 24 September 1965, between a taxicab and a Volkswagen station wagon (the VW) at the intersection of Connecticut Avenue and Newlands Street in Montgomery County about one-half mile north of the District line. The appellee Georgi was northbound in the VW on Connecticut Avenue in the lane next to the grass median strip. Traffic was heavy and it was raining. As he approached Newlands Street he saw the taxicab owned by the appellant Barwood, Inc. (Barwood), waiting in the crossover. It had crossed the three southbound lanes. Triantis, its driver, intended to continue on across the three northbound lanes. When Georgi was "one-half car length" from the crossover Triantis "jutted in front" of him. The collision, said Georgi, was unavoidable.

The trial before Mathias, J., and a jury resulted in verdicts against both appellants, $46.50 in favor of Georgi and $5,500 in favor of his wife. Upon the denial of a motion for a new trial both Barwood and Triantis appealed from the ensuing judgments.

The first error assigned by the appellants arises out of the trial judge's instruction to the jury that there was "no evidence to indicate" contributory negligence on the part of Georgi. Georgi was the favored driver and in the circumstances here present he was not bound to anticipate a negligent act or omission on the part of Triantis. *See Thompson v. Terry,* 245 Md. 480, 487, 226 A. 2d 540 (1967); *Dunnill v. Bloomberg,* 228 Md. 230, 235, 179 A. 2d 371 (1962); *Hickory Transfer Co. v.*

*Nezbed,* 202 Md. 253, 261, 96 A. 2d 241 (1953). Beyond this we think it suffices to say that the record amply supports Judge Mathias' instruction.

Appellants next complain that the refusal of the trial judge to direct a verdict in their favor on the question of agency amounts to error. Despite Barwood's contention that it had successfully rebutted the presumption of agency there was in the record, nevertheless, evidence sufficient, we think, to support a finding of agency. Judge Mathias properly left to the jury the determination of the issue.

The final complaint of appellants has to do with the court's instruction in respect of damages. Oddly enough Judge Mathias' instruction was more favorable to the appellants than the instruction they themselves requested. In any event they did not except to the instruction given by the court and Maryland Rule 554 e precludes our consideration of their complaint. Judge Mathias' comment to counsel is of interest:

> "Now, I am addressing my remarks to counsel for the defendant [appellants]. State whether or not you take any exceptions to the charge that has been given to the jury."

In response counsel discussed contributory negligence and agency but made no mention whatever of damages.

*Judgments affirmed.*
*Costs to be paid by appellants.*