HOWARD C. CRAIG, to His Own Use and to the Use of the State Accident Fund *v.* JESSE D. ENGLAR, ET AL.

[No. 264, September Term, 1970.]

*Decided February 3, 1971.*

The cause was argued before ORTH, THOMPSON, and MOYLAN, JJ.

*Eugene A. Alexander, III,* with whom were *Sidney Blum, Francis B. Burch, Attorney General,* and *Charles R. Goldsborough, Jr.,* and *J. Howard Holzer, Assistant Attorneys General,* on the brief, for appellant.

*Robert E. Cadigan,* with whom was *Phillip L. Goldsborough, III,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Howard C. Craig, plaintiff-appellant, to his own use and to the use of State Accident Fund, sued Jesse D. Englar for personal injury and property damage resulting from an automobile accident. In a court trial before Judge John E. Raine, Jr., verdict and judgment were entered in favor of Englar, the defendant-appellee.

The accident in question occurred on May 9, 1964, about 10:00 P.M., at the intersection of Route 32 and Gist Road, two public highways in Carroll County, Maryland. At this location, Route 32, a through highway, runs roughly

north-south. At the intersection with Gist Road, Route 32 bends gradually to the southeast. Route 32 is a two lane paved highway, abutted by a concrete shoulder approximately three feet in width.

Gist Road is also a paved public highway, running roughly from southwest to the northeast, but ending at the intersection with Route 32. Gist Road is controlled by a stop sign, located on Gist Road approximately 27 feet from the intersection. Due to the configuration of the highways, they meet in a lopsided "Y" intersection, with traffic heading northeast on Gist Road facing the southbound traffic on Route 32 in a practically head-on manner.

On the day of the accident, the appellant Craig had dropped off some employees of his brother's landscaping business, of which he was general foreman, and stopped for "one beer" at a tavern. He then proceeded south on Route 32 in a 1963 International truck. As he approached the intersection, he saw the appellee Englar approaching on Gist Road. Nearing the intersection, he was blinded by Englar's headlights and concluded that Englar was not stopping at the intersection but was coming directly into Route 32. Craig then turned his truck sharply to the right. The front of the truck cleared the Englar vehicle, but the back of the truck housing struck the front left fender of Englar's station wagon. Due to a brake failure, Craig continued 400 or 500 yards down Gist Road, directed his vehicle towards an earth embankment, and jumped from it, thereby suffering personal injury. There was also damage to the truck.

The appellee Englar testified he was heading northerly on Gist Road. He stopped at the stop sign, but due to the obstructed view to his right, proceeded past the stop sign towards the intersection with Route 32. However, he never encroached on the concrete shoulder nor on the roadway. While stopped on Gist Road, Englar looked to his left in time to see the appellant swerve towards and crash into him. Englar stated his station wagon was not

moved from the time of the accident until certain pictures, which were introduced into evidence, were taken.

State troopers, who arrived fifteen minutes after the accident, testified as to their physical examination of the scene. Trooper McGowan testified he observed the Englar vehicle on Gist Road, with evidence of impact, such as broken glass, also on Gist Road. No evidence of impact was found on Route 32. The appellee's station wagon was not operable and was ultimately towed away. Pictures of the car, taken by the troopers, clearly showed that at its nearest point to the concrete shoulder, Englar's station wagon was approximately six to eight inches away from the concrete shoulder. Both the trooper and the defendant stated they smelled alcohol on the plaintiff's breath. Trooper McGowan also tested Craig's brakes after the accident and found them inoperative.

In his finding of fact, Judge Raine concluded the defendant stopped at the stop sign on Gist Road, proceeded forward until he had an unobstructed view to his right, and at that point, while stopped, was struck by the plaintiff's truck. The point of impact was found to be as shown in the photographs, with defendant's station wagon being completely on Gist Road at least six to eight inches away from the concrete shoulder of Route 32. Judge Raine specifically found the defendant's vehicle at no time encroached on the concrete shoulder and concluded the defendant had properly stopped and yielded the right-of-way. Since there was no negligence on the part of the defendant, Judge Raine found for him. This Court sees no clear error in these findings. Md. Rule 1086.

On appeal, the appellant contends that accepting the facts as found by the trial judge, the defendant is liable for this accident, first, because he stopped beyond the stop sign, and, second, because he encroached on the plaintiff's right-of-way. Both arguments are without merit.

Appellant's argument that the defendant was negligent in stopping, albeit the second time, beyond the stop sign, has been rejected in *Privett v. Hauswald Bakery,*

258 Md. 218, 265 A. 2d 473, which holds that "under the statutes the point at which the stop must be made may vary with the location, nature and type of highway involved." We agree with the trial judge that the defendant here acted reasonably in stopping, for a second time, beyond the stop sign in order to obtain an unobstructed view of the traffic to his right.[1]

Appellant also argues that the defendant encroached upon his right-of-way, even though he never proceeded onto the concrete shoulder of Route 32 itself. Appellant arrives at this conclusion by an incorrect formula for determining his right-of-way.

Initially, he attempts to determine his right-of-way by employing as a definition of "roadway" the definition found in Md. Code, Art. 89B, § 2 (a) which deals generally with the responsibilities of the State Roads Commission. As the Court of Appeals said in *Privett v. Hauswald Bakery, supra* at 476 this statute "defines 'Road-Highway' as broadly as can be imagined . . . ." The proper definition for roadway for rules of the road is found in Md. Code, Art. 66½, § 2 (a) (47) (now covered by § 1-177) which defines roadway as that portion of a highway improved, designed, or ordinarily used for vehicular travel. Logic as well as judicial precedent indicates that a definition of roadway for highway maintenance purposes is not applicable when defining roadway for the rules of the road.

Next, appellant projects his right-of-way by extending the imaginary lines running at the edge of the concrete shoulder straight ahead at the intersection of Route 32 and Gist Road when Route 32 turns to the southeast. In making this determination, the appellant relies upon the definition of intersection found in Md. Code, Art. 66½, § 2 (a) (20) (now covered by § 1-138) :

"Intersection. The area embraced within the prolongation or connection of the lateral curb

---

1. See Md. Code, Art. 66½, § 11-705.2 (a) effective January 1, 1971, quoted in note 2 *infra*.

lines, or if none, the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

Not even the wildest flight of geometric imagination could construe Route 32 and Gist Road as meeting at, or approximately at right angles, so as to justify determining the intersection by extending the imaginary line running at the edge of the concrete shoulder of Route 32 straight ahead; thus, the appellant had no right-of-way straight ahead into this intersection when Route 32 curved substantially to the southeast. See *Privett v. Hauswald, supra.* Although the *Privett* case involved Art. 66½, § 234, vehicle entering paved highway from an unpaved public highway or private driveway, while the instant case involves § 233, vehicle entering through highway or stop or "yield" intersection,[2] *Privett* indicates that these two sections must be construed similarly, thus making the *Privett* holding under § 234 applicable to the instant case under § 233. See also *Zeamer v. Reeves,* 225 Md. 526, 171 A. 2d 488 and *Shedlock v. Marshall,* 186 Md. 218, 228-29, 46 A. 2d 349.

Lastly, appellant relies on *Dunnill v. Bloomberg,* 228 Md. 230, 179 A. 2d 371 to support his proposition that although defendant had not physically encroached on the roadway, he still encroached on plaintiff's right-of-way sufficiently to be liable for the resulting accident. *Dunnill* is easily distinguishable from the instant case.

---

2. See new statute, effective January 1, 1971, Md. Code, Art. 66½, § 11-403 and § 11-705.2. Subsection (a) of the latter section provides as follows:

"(a) Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection or, if there is no crosswalk, shall stop at a clearly marked stop line, *but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection.*" (Italics added.)

152

In *Dunnill,* the defendant was proceeding west on a two lane street controlled by a stop sign. Since the defendant's view was obstructed by parked cars, he advanced into the intersection and had proceeded across two lanes of northbound traffic on a four lane through street, the lanes of which were not divided by a median strip, on which the plaintiff was proceeding south. When the plaintiff saw the defendant within one foot of the southbound lanes, he swerved, anticipating the defendant's proceeding into the southbound lanes. Since the defendant had in fact stopped one foot short of the southbound lanes, a collision of the two cars was avoided, but the plaintiff suffered damages from running against the curb on the west side of the street. The court held the defendant liable since his encroachment had presented an emergency situation for the plaintiff, to which he had responded reasonably.

Clearly, a different situation is presented in *Dunnill* when the plaintiff saw a car that had already encroached across two lanes of a four lane highway as opposed to the instant situation where the defendant has not encroached at all on the highway.

*Judgment affirmed.*
*Appellant to pay costs.*